*533
 
 Sohngen, J.
 

 The sole question presented here is the constitutionality of Section 794-1, Cleveland Municipal Code, which reads as follows:
 

 “No person, firm, corporation or association shall bring into the city of Cleveland, or have in his possession, any meat or meat products other than that bearing the official inspection stamp of the government inspector, of the inspector of the city of Cleveland, division of health, or of the inspector of any other city whose inspection has been approved by the official charged with the' enforcement of this section as being equivalent to that of the city of Cleveland. Nor shall any person, firm, corporation or association bring or have in his possession any meat or meat products from any food handling plant not having federal meat inspection or a license or permit from the food and drug administration of the Cleveland division of health. ’ ’
 

 Section 3, Article NVIII of the Constitution of Ohio, provides:
 

 “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws. ’ ’
 

 Section 794-1, Cleveland Municipal Code, was enacted by authority conferred by such constitutional provision.
 

 Defendant contends that Section 794-1 is unconstitutional because it is unreasonable, indefinite and' uncertain, allows unequal and arbitrary administration, and interferes with private rights beyond the necessities of the situation. There is no contention that the ordinance in question conflicts with general laws, nor is the authority of the enacting body to exercise the police power questioned. It is and must he conceded
 
 *534
 
 that the preservation of the public health of a municipality falls within the purview of local police power, and that the inspection of food is in the interest of the public health.
 

 We come, therefore, to a consideration of the disputed and basic questions presented for determination.
 

 Is Section 794-1 unreasonable in that it makes possession
 
 alone
 
 an offense rather than possession for the purpose of sale?
 

 In the case of
 
 City of Dayton
 
 v.
 
 Jacobs,
 
 120 Ohio St., 225, 165 N. E., 844, this court said:
 

 “Section 3, Article XVIII, of the Constitution of Ohio, confers upon municipalities ‘all powers of local self-government and to adopt and enforce within their limits such local police * * * regulations, as are not in conflict with general laws.’ It is and must be conceded by the defendant in error that the preservation of the public health of the municipality falls within the purview of local police power; that the prevention within the municipality of the sale and offer for sale of unwholesome meat for human consumption tends to preserve the public health, and that an official
 
 ante mortem
 
 inspection of the animal and an official
 
 post mortem
 
 inspection of the carcass of the animal and an official approval or disapproval of such animal and carcass from which the meat intended for such sale is obtained are appropriate means of preventing a sale or exposure for sale of diseased and unwholesome meat.”
 

 The problem in that case squares with the problem in the instant case, except in the instant case only the element of possession is involved, not possession for sale. Does this difference warrant a judicial interpretation of the ordinance holding it to be unreasonable and beyond the necessities of the situation?
 

 In 11 American Jurisprudence, 1092, Section 307, it is said:
 

 
 *535
 
 “In accordance with the general principles governing the determination of the reasonableness of state legislation, the question of the reasonableness of an ordinance is one in the first instance for the determination of the body which enacted it. * * * it is not within the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations to pass ordinances relating to objects within the proper domain of the police power.” Citing
 
 General Outdoor Advertising Co.
 
 v.
 
 City of Indianapolis,
 
 202 Ind., 85, 172 N. E., 309, 72 A. L. R., 453, and
 
 City of Chicago
 
 v.
 
 Rhine,
 
 363 Ill., 619, 2 N. E. (2d), 905, 105 A. L. R., 1045.
 

 In 11 American Jurisprudence, 802, Section 136, we find the following:
 

 “If, however, there is room for fair debate- as to whether a municipal ordinance is arbitrary or Unreasonable, the court will not substitute its own judgment for tbat of the legislative body charged with the primary duty and responsibility of determining the question.
 

 “Courts are not at liberty to declare statutes invalid although they may be harsh, unfair, abused and misused, may afford an opportunity for abuse in the manner of application, may create hardships or inconvenience, or may be oppressive, mischievous in their effects, burdensome on the people, and of doubtful propriety.”
 

 And further, in 11 American Jurisprudence, 1089, Section 306, it is said:
 

 “It is not enough that the case is a doubtful one; the act must be so clearly unreasonable that the court can say that no fair-minded man can think it reasonable. An earnest conflict of serious opinion does not suffice to bring such an act within the range of judicial cognizance. Furthermore, a statute enacted for
 
 *536
 
 the protection of the public health will be upheld if by any fair construction it has a tendency to effect its object.”
 

 In view of the foregoing authorities, courts in applying judicial tests of reasonableness to an ordinance enacted under the police power must accord to the legislative body a wide discretion in determining not only what the public interest requires, but also what measures are necessary to protect such interest. In the instant case the members of the city council were of the opinion that adequate protection to the public health required legislation to provide that possession
 
 alone
 
 of uninspected meat should constitute an offense. We do not believe that such a police regulation is unreasonable in view of the fact that the city asserts that the end sought by the ordinance has been substantially accomplished.
 

 • In 8 Ohio Jurisprudence, 373, Section 259, it is stated:
 

 “The courts will not assume to interfere with the exercise of legislative discretion unless it be made clearly to appear that an act assailed does not reasonably tend to accomplish the lawful object for which it was passed. It is not .necessary that the court be convinced that a regulation in question is the best and wisest possible. It must be shown to be affirmatively unreasonable, not in extreme'cases, but in its general operation, to warrant the court in setting it aside. When legislation has a real and substantial relation to the prevention of conditions detrimental to the public health, morals, or safety, no matter how unwise the measure itself seems to individual judges, it is not for the judicial tribunals to nullify it upon constitutional grounds.” See, also,
 
 Yee Bow
 
 v.
 
 City of Cleveland,
 
 99 Ohio St., 269, 124 N. E., 132, 12 A. L. R., 1424.
 

 
 *537
 
 Defendant contends that, in making the mere possession of uninspected meat an offense, each housewife who has an unstamped piece of meat in the icebox is a violator of the ordinance, even though such piece of meat came from an inspected part of a carcass. Such an interpretation is based upon the presumption that the council which passed the ordinance intended an absurd result. However, the presumption is the reverse. See
 
 Uncapher, Admr.,
 
 v.
 
 West, Recr.,
 
 100 Ohio St., 202, 126 N. E., 91.
 

 Defendant contends that the ordinance is unconstitutional because it is indefinite and uncertain in that the word, “meat,” contained therein is not defined. The ordinance here in question is a part of the health code of the city of Cleveland, and, although “meat” is not defined in Section 794-1, other sections of the health code contain a comprehensive and exact definition of what shall constitute meat and meat products under the provisions of the health code.
 

 “All correlated parts of a statute should be construed together. * * * This is especially true in regard to a code of statutes relating to one subject, which may be inferred, and even presumed, to be governed by one spirit and .policy.” 37 Ohio Jurisprudence, 594, Section 331.
 

 The judgment of the Court of Appeals is reversed and the judgment of the Municipal Court of Cleveland is affirmed.
 

 •
 
 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman and Stewart, JJ., concur.