*21
 
 Taft, J.,
 

 dissenting. As indicated by its opinion, the decision of the majority of this court is based solely upon the ground that the ordinance here involved discriminates “among persons following the same occupation or business.”
 

 The opinions of the Common Pleas Court and the Court of Appeals indicate that their decisions were based upon other grounds. Apparently, the inclusion in the journal entry of each court of a finding and ground not referred to in the opinions was overlooked when those journal entries were approved.
 

 While a relatively small portion of appellee’s brief is devoted to the contention that the ordinance is ‘ ‘ discriminatory, ” no reference is made therein to the decisions of this court which have established the guides to be followed in determining whether an ordinance is discriminatory to such an extent as to require a holding that it is invalid. The brief of appellant dismisses the “claim of discrimination” with one short paragraph referring to none of those cases. Therefore, before considering this question of discrimination, attention will be given to the principal arguments made by the appellee in support of its contention and by the Court of Appeals in support of its conclusion that the ordinance is invalid.
 

 Appellee contends that its business is a legitimate and lawful business and is recognized as such by the state and by the city. Such an argument, in effect, begs the question. Obviously, to the extent that the acts of appellee in carrying on its business do not violate valid prohibitions of the statutes and ordinances, it is a legitimate and lawful business. To the extent that those acts do violate such prohibitions, appellee’s business is neither legitimate nor lawful. If the carrying on of that business involves the doing of acts by appellee which are prohibited by the ordinance involved, then it is necessary to determine whether the
 
 *22
 
 ■ordinance involved is valid. It is not.helpful, in determining the question, to jump to the conclusion that appellee has a right to do such acts and that, therefore, the ordinance prohibiting the doing of them is invalid.
 

 Provision is made in Sections 6347 to 6369, General ■Code, for the licensing of peddlers and itinerant vendors. Section 6353, General Code, provides that a peddler’s license authorizes “the person named therein to sell goods, wares and merchandise *
 
 * *
 
 as a peddler or traveling merchant. # * *” However, Section 6354, General Code, states that the peddler’s license “shall not authorize the person named therein to sell goods, wares and merchandise at auction, vendue or public outcry.” The definition of an “itinerant ven-dor” in Section 6361, General Code, requires that a person to be so classified shall “for the purpose of carrying on such business, hire, lease, or occupy, either in whole or in part, a room, building or other structure, for the exhibition or sale of such goods, wares or merchandise.”
 

 Nothing in these statutes specifically authorizes sales on the streets. In fact, as to peddlers, Section 6354,.General Code, indicates that such sales could not be authorized, and as to itinerant vendors, Section 6361, General Code, in effect, indicates that they are not even contemplated.
 

 By Sections 3670 and 3672, General Code, municipalities are given the right to regulate and license peddlers and “to license * # * hawkers, peddlers, auctioneers of horses and other animals on the highways or public grounds of the corporation * * * and hucksters in the public streets or markets.”
 

 However, by Section 3634, General Code, municipalities are given the power “to regulate, license or prohibit the selling of goods, merchandise or medicines on the streets.”
 

 By giving cities power to license hawkers and ped
 
 *23
 
 -dlers oil the highways (Section. 3672, General Code) and to regulate and license peddlers (Section 3670, General Code), the General Assembly did not necessarily indicate that municipalities were not to have any right to prohibit such hawkers or peddlers from making sales on the streets. Sections 3670 and 3672, General Code, would appear, therefore, to be entirely consistent with the power conferred upon municipalities to prohibit the selling of goods or merchandise on the streets. (Section 3634, General Code.)
 

 Appellee contends also that, since Section 3, Article XVIII of the Constitution confers upon municipalities only the power “to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws, ’ ’ municipalities may regulate but not prohibit sales on their streets.
 

 This court has consistently recognized that this power to adopt police “regulations” includes the power to adopt regulations which contain prohibitions against doing certain acts.
 
 City of Cleveland
 
 v.
 
 Terrill,
 
 149 Ohio St., 532, 80 N. E. (2d), 115;
 
 City of Springfield
 
 v.
 
 Hurst,
 
 144 Ohio St., 49, 56 N. E. (2d), 185;
 
 City of Dayton
 
 v.
 
 Jacobs,
 
 120 Ohio St., 225, 165 N. E., 844.
 

 Appellee further contends that the ordinance here involved is in conflict with general laws by reason of Section 3672, General Code, which grants municipalities power to license certain businesses and then provides:
 

 “ * * * but no municipal corporation may require the owner of any product of his own raising, or the manufacturer of any article manufactured by him, license to vend or sell in any way, by himself or agent, any such article or product.”
 

 Such statute obviously does not confer upon the manufacturer a right to sell a product on the premises of another party who has forbidden him to enter upon those premises. The wo.rds “vend or sell in any way”
 
 *24
 
 obviously do not give him any such right. Likewise, we do not believe that those words confer upon Mm a right to sell on the streets.
 

 Appellee also refers to Section 3632, General Code, conferring upon municipalities the power “to license and regulate the use of the streets by persons who use vehicles or solicit or transact business thereon. ’ ’ Nothing in that statute confers upon anyone a right to use the streets for the transaction of business. WMle municipalities are given power to license and regulate the transaction of business on the streets, municipalities are likewise given, by Section 3634, General Code, the power to “prohibit the selling of goods, merchandise or medicines on the streets.” The two powers are not inconsistent. Where the public safety requires it, municipalities may prohibit the selling of certain goods on the streets and, where it does not require it, they may license the transaction of such business on the streets.
 

 There is no right, as distinguished from a mere revocable privilege, to operate a private business on the public highways. Whether, and to what extent, one may promote or pursue a gainful occupation in the streets and to what extent such activity shall be adjudged a derogation of the public right are matters for legislative judgment. Thus, the power to prohibit the carrying on of a business on the public streets is usually recognized as a proper exercise of the police power.
 
 Rowe, Jr.,
 
 v.
 
 City of Cincinnati,
 
 117 Ohio St., 382, 159 N. E., 365;
 
 Plummer, a Taxpayer,
 
 v.
 
 Village of Swanton,
 
 133 Ohio St., 623, 15 N. E. (2d), 349. See
 
 Valentine, Police Commr.,
 
 v.
 
 Chrestensen,
 
 316 U. S., 52, 86 L. Ed., 1262, 62 S. Ct., 920.
 

 Almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession and production of property, within the meaning of Section 1 of Article I of the Ohio Constitution, or involve an injury to a person
 
 *25
 
 witliin the meaning of Section 16, Article I of that Constitution, or deprive a person of property within the meaning of Section I of Article XIV of the Constitution of the United States. Nevertheless, it is well settled that an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and is not unreasonable or arbitrarv.
 
 City of Piqua
 
 v.
 
 Zimmerlin,
 
 35 Ohio St., 507, 511.
 

 As stated in paragraph 1 of the syllabus in
 
 City of Dayton
 
 v.
 
 S. S. Kresge Co.,
 
 114 Ohio St., 624, 151 N. E., 775, 53 A. L. R., 916:
 

 “The determination of the question whether or not building regulations prescribed by an ordinance are reasonably necessary for the safety of the public is committed in the first instance to the judgment and discretion of the legislative body of the municipality, and
 
 unless it is clear
 
 that such regulations are unreasonable and arbitrary or have no real or substantial relation to the public health, safety, morals, or general welfare, the courts will not hold the same invalid.” (Emphasis added.) See, also,
 
 City of Cleveland
 
 v.
 
 Terrill, supra.
 

 A reading of the ordinance here involved discloses that it does have a substantial relation to the public, safety. It is obvious that the items, whose sale is prohibited on the streets, are items particularly attractive to children and that the sale of such items on the streets would be likely to increase the hazard of injury to young children as well as cause traffic congestion on the streets.
 

 Appellee offered evidence to establish the care with which it conducted its business so as to eliminate such hazards. However, the ordinance does not prohibit the appellee alone, but prohibits others who might be less responsible and less conscientious than appellee, from doing the prohibited acts which would be likely
 
 *26
 
 to increase the hazard of injury to small children as well as cause traffic congestion on the streets. Appellee has.no monopoly on the right to conduct the type of business that it does conduct. It cannot be said that the ordinance prohibits appellee alone and that, therefore, its record of safety should be the criterion in determining whether a hazard of injury to children and of traffic congestion will or will not result from sales on the streets of these items which are particularly attractive to children.
 

 Throughout this opinion, the ordinance involved has been referred to as though it prohibited sales of the articles enumerated therein only on the streets. As will appear, from an examination of its terms, the ordinance prohibits such sales “in the parks, and on or from the streets, sidewalks and alleys.” A literal interpretation of these words might prevent a sale at the door of a house, on the ground that such sale was “from the streets.” Likewise, these words prohibit sales “in the parks, and on or from * * * sidewalks.” To the extent that sales of these items “in the parks and on or from the. * * * sidewalks ” or “ from the streets” are prohibited, we believe that the ordinance here involved does not have a reasonable or substantial relation to the public safety. However, those provisions of the ordinance are separable from the provisions prohibiting sales “on * * * the streets * * * and alleys.”
 

 A statute may be constitutional in one part and unconstitutional in another part and, if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected. 8 Ohio Jurisprudence, 194, Section 93. This rule, as to the severability of statutes and the elimination of unconstitutional provisions, applies to municipal ordinances.
 
 City of Piqua
 
 v.
 
 Zimmerlin, supra.
 
 The fact that the portion to be stricken put and rejected as unconstitutional is
 
 *27
 
 contained in the same section with the constitutional portion does not prevent the application of this rule.
 
 Treasurer of Fayette County
 
 v.
 
 Peoples & Drovers Bank,
 
 47 Ohio St., 503, 25 N. E., 697, 10 L. R. A., 196;
 
 State, ex rel. Greenward Realty Co.,
 
 v.
 
 Zangerle, Aud.,
 
 135 Ohio St., 533, 21 N. E. (2d), 662;
 
 Gager, Treas.,
 
 v.
 
 Prout,
 
 48 Ohio St., 89, 26 N. E., 1013. If, when the unconstitutional part is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected, the remaining portion must be sustained.
 
 Treasurer of Fayette County
 
 v.
 
 Peoples & Drovers Bank, supra; State, ex rel. Greenwald Realty Co.,
 
 v.
 
 Zangerle, Aud., supra; Gager, Treas.,
 
 v.
 
 Prout, supra; Geiger
 
 v.
 
 Geiger,
 
 117 Ohio St., 451, 160 N. E., 28;
 
 Bowles
 
 v.
 
 State,
 
 37 Ohio St., 35, 44.
 

 In our opinion, the valid portion of this ordinance is clearly separable from the invalid portion and the italicized words in the portion reading “shall sell or offer to sell,
 
 in the parks, and
 
 on
 
 or from
 
 the streets,
 
 sidewalks
 
 and alleys of the city of Dayton” may be stricken from the ordinance, leaving a valid enactment.
 

 This brings us to the question of discrimination which the majority opinion finds and uses as the sole basis for its decision.
 

 This basis for the decision can be sustained only upon the ground that the ordinance violates the provision of Section 1, Article XIY of the Constitution of the United States that “no state shall * * * deny to any person within its jurisdiction the equal protection of the laws.”
 

 Appellee claims the ordinance is discriminatory because it is forbidden from selling certain articles from the streets while other peddlers are not forbidden from selling other articles from the streets.
 

 This raises the question as to whether there is any
 
 *28
 
 greater hazard to safety from sales on the streets of the items mentioned in this ordinance than similar sales of other items. A consideration of the items listed in this ordinance indicates that it includes almost all of those likely to be particularly attractive to children. The answer seems to be obvious that there is a greater hazard in connection with sales of such items than sales of items not particularly attractive to children.
 

 Appellee claims further that the ordinance discriminates in favor of the corner merchant and against those who sell from the streets. This raises the question as to whether the hazard to the child in buying on the street is greater than the hazard in making a similar purchase at the corner store. Here, again, it would appear obvious that such hazard would be greater.
 

 The opinion of the majority ignores the guides heretofore followed by this court where it has been claimed that an ordinance is invalid because it is discriminatory. These guides are well stated in the syllabus in
 
 City of Xenia
 
 v.
 
 Schmidt,
 
 101 Ohio St., 437, 130 N. E., 24, which reads in part:
 

 “1. A legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body.
 

 “2.
 
 That presumption of validity of such legislative enactment cannot be overcome unless it appear that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution.
 

 “4. Classification is an inherent right and power in legislation, limited only by the Constitution and the judicial constructions thereunder.
 

 “5. A classification must not be arbitrary, artificial, or evasive, but there must be a real and substantial distinction in the nature of the class or classes upon which the law operates.
 

 
 *29
 
 “6. In respect to such distinctions, the legislative body has a wide discretion, and the legislation involving classification will not therefore be held invalid unless the classification attempted is clearly and obviously unreasonable to the point of discriminating against members of the same class, so as to deny them the equal protection of the laws.
 

 “7.
 
 A classification of street obstructions into temporary and permanent, and providing that the ordinance shall operate only upon temporary obstructions, is a real and reasonable classification, and does not violate any provision of state or federal Constitution.
 

 “8. The guarantee of ‘equal protection of the laws’ under our constitutions is fully complied with when the law operates equally upon each member of a constitutional class.
 

 “9. A legislative body may direct its legislation against any evil as it actually exists, without covering the whole field of possible abuses, and it may do so none the less that the forbidden act does not differ in kind from those that are not forbidden.
 
 (Yee Bow
 
 v.
 
 City of Cleveland et al.,
 
 99 Ohio St., 269, approved and followed.) ”
 

 As hereinbefore pointed out, there is a real and substantial distinction between sales on the streets and sales from a corner store. There is a similar distinction between sales of items which are particularly attractive to children and sales of other items.
 

 In support of their finding of discrimination, the majority refers to Section 643 of the ordinances of Dayton and of the fact that licenses to sell were issued thereunder to 70 individuals during 1946. It does not appear from the record how many licenses were issued during 1946 to sell any of the items listed in the ordinance here involved, although the 32 items for which licenses were issued do include “novelties * * * balloons * * * candy and chewing gum * * * confections * * * pies.” Some of those items might possibly be
 
 *30
 
 considered as covered by the prohibitions of the ordinance here involved. Also, it might be considered that the sale of those items on the streets would be attended by substantially the same hazard involved in the sale of the items whose sale is prohibited by the ordinance here involved.
 

 Section '645, providing for the terms of such a license, states in part:
 

 “Upon * * * compliance with all requirements which the city accountant may find necessary to impose in order to make certain that all requirements of the laws, including those laid down by the ordinances of the city of Dayton, have been met * * * the city accountant shall issue a license * * * for a term of not to exceed six (6) months * * *. The license shall state upon its face the articles which the applicant is authorized to sell, and it shall be unlawful for any such licensee to sell any article or articles not enumerated on the face of the license.”
 

 There is nothing in the record to indicate that, after adoption in July 1946 of the ordinance here involved, the city accountant issued any license authorizing the sale on the streets of any item listed in that' ordinance. If he did, he would not be making certain “that all requirements of * * * the ordinances of the city of Dayton, have been met.” In other words, the sections of the ordinances of Dayton referred to in the majority opinion do not now authorize the issuance of a license to sell on the streets any items whose sale on the streets is forbidden by the ordinance here involved. The ordinance here involved was adopted in July 1946 and, from all that appears in the record, no such license was issued thereafter. See
 
 Bowles
 
 v.
 
 State, supra,
 
 43, 44; Cf.
 
 Yee Bow
 
 v.
 
 City of Cleveland,
 
 99 Ohio St., 269, 124 N. E., 132, 12 A. L. R., 1424.
 

 Zimmerman and Stewart, JJ., concur in the foregoing dissenting opinion.