COOK-JOHNSON REALTY CO., APPELLANT, *v.* BERTOLINI ET AL., APPELLEES.

[Cite as Cook-Johnson Realty Co. v. Bertolini, 15 Ohio St. 2d 195.]

(No. 41306—Decided July 10, 1968.)

196

*Messrs. Green, Schiavoni, Murphy & Stevens* and *Mr. Paul E. Stevens*, for appellant.

*Mr. Frank P. Anzellotti, Jr.*, prosecuting attorney, and *Mr. Carroll E. Matter*, for appellees.

MATTHIAS, J.   Is Section 519.12, Revised Code, insofar as it purports to grant a power of referendum with respect to zoning amendments adopted by township trustees to that portion of the township electorate which will be most affected thereby, unconstitutional?*

---

*Those portions of Section 519.12, Revised Code, pertinent to the issue in this case are as follows:

"Amendments or supplements to the zoning resolution may be initiated by motion of the township rural zoning commission, by the passage of a resolution therefor by the board of township trustees or by the filing of an application therefor by one or more of the owners or lessees of property within the area proposed to be changed or affected by the proposed amendment or supplement with the township zoning commission. * * *

"* * *

"Within five days after the adoption of such motion or the certification of such resolution or the filing of such application the township

Appellant contends that it is, basing that contention on the recognized principle that once the people of the state have delegated the lawmaking power to the General Assembly by constitutional provision the General Assembly

zoning commission shall transmit a copy thereof together with text and map pertaining thereto to the county or regional planning commission, if there is such a commission.

"The county or regional planning commission shall recommend the approval or denial of the proposed amendment or supplement or the approval of some modification thereof and shall submit such recommendation to the township zoning commission. * * *

"The township zoning commission shall, within thirty days after * * * hearing, recommend the approval or denial of the proposed amendment or supplement, or the approval of some modification thereof and submit such recommendation together with such application or resolution, the text and map pertaining thereto and the recommendation of the county or regional planning commission thereon to the board of township trustees.

"The board of township trustees shall, upon receipt of such recommendation, set a time for a public hearing on such proposed amendment or supplement, which date shall not be more than thirty days from the date of the receipt of such recommendation from the township zoning commission. * * *

"* * *

"Within twenty days after such public hearing the board shall either adopt or deny the recommendations of the zoning commission or adopt some modification thereof. In the event the board denies or modifies the recommendation of the township zoning commission the unanimous vote of the board shall be required.

"Such amendment or supplement adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment or supplement there is presented to the board of township trustees a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan equal to not less than eight per cent of the total vote cast for all candidates for Governor in such area at the last preceding general election at which a Governor was elected, requesting the board of township trustees to submit the amendment or supplement to the electors of such area, for approval or rejection, at the next primary or general election.

"No amendment or supplement for which such referendum vote has been requested shall be put into effect unless a majority of the vote cast on the issue is in favor of the amendment. Upon certification by the board of elections that the amendment has been approved by the voters it shall take immediate effect."

may not delegate it back, as this would be in derogation of the Constitution. *Cincinnati, Wilmington & Zanesville Rd. Co.* v. *Commrs. of Clinton County,* 1 Ohio St. 77; *State, ex rel. Allison,* v. *Garver,* 66 Ohio St. 555; *Strain* v. *Southerton,* 148 Ohio St. 153; 10 Ohio Jurisprudence 2d 385 and 392, Sections 308, 314; 16 American Jurisprudence 2d 491, Section 240; annotation, 76 A. L. R. 1053.

Appellant argues that Articles II and X of the Ohio Constitution clearly demonstrate that the grant of a referendum power to the electorate in a township on zoning matters is an impermissible delegation of legislative power to the people by the General Assembly.

It is true that the legislative power vested in the General Assembly by Section 1 of Article II is not plenary. Section 1a of Article II specifically reserves the power of initiative to the people of the state with respect to state laws; Section 1c of Article II specifically reserves the power of referendum to the people of the state with respect to state laws; and Section 1f of Article II specifically reserves the powers of initiative and referendum to the people of each municipality on municipal laws. Furthermore, nowhere in Article II is there provision for the reservation of the powers of initiative and referendum to the people of townships on township laws. Nor is there such a provision in Article X, which controls township organization.

However, this does not mean, as appellant would have us construe it to mean, that provision for initiative and referendum by the people of each township cannot be created by statute. It merely demonstrates that the rights of the people in the several townships, as to the powers of initiative and referendum, have not been accorded the status of a constitutional prerogative.

This court long ago recognized that townships are merely agencies of the state in a system of state government. *State, ex rel. Bates,* v. *Trustees of Richland Twp., Vinton County,* 20 Ohio St. 362, 371; *State, ex rel. Godfrey.* v. *O'Brien,* 95 Ohio St. 166. And that, as to matters of purely local concern, a delegation of legislative power by

the General Assembly to township trustees is entirely permissible. *Grover Hill* v. *McClure,* 6 C. C. (N. S.) 197, 17 C. D. 376, affirmed, 72 Ohio St. 676; *Tuber* v. *Perkins,* 6 Ohio St. 2d 155.

However, appellant is not challenging directly the power of the General Assembly to allow township trustees to adopt zoning resolutions, but instead the power of the General Assembly to allow the people of a township, by the power of referendum, to reject what the township trustees have adopted. Appellant's reliance on specific reservations of the powers of initiative and referendum in the Ohio Constitution to the people of the state on state laws, and to the people of each municipality on municipal laws, to establish its proposition, is not well founded. Nowhere does the Ohio Constitution provide for the delegation of legislative power to political subdivisions such as townships, and were we to carry appellant's argument to its logical conclusion we would find that no power to legislate as to purely local matters could ever be conferred on townships by the General Assembly—there being no specific constitutional provision permitting the same.

The fact is that the Ohio Constitution is silent not only as to a reservation of the powers of initiative and referendum to the people of the several townships but also as to any grant of authority to township trustees to legislate. Yet this court has already recognized the validity of a statutory grant of authority by the General Assembly to township trustees to legislate as to matters of purely local concern, such as zoning. *Grover Hill* v. *McClure, supra* (6 C. C. [N. S.], 197); *Tuber* v. *Perkins, supra* (6 Ohio St. 2d 155).

What the General Assembly has done in Section 519.12, Revised Code, is to provide the people of the several townships with a power to veto, by use of the device of referendum, zoning resolutions passed by township trustees.

We find no constitutional impediment to a grant of legislative power by the General Assembly to township trustees to make zoning resolutions, nor for the General As-

sembly to reserve the power of referendum to the people who will be affected by such resolutions. Therefore, Section 519.12, Revised Code, insofar as it accomplishes these purposes of the General Assembly, is constitutional.

By finding no constitutional infirmity in the township referendum provision of Section 519.12, Revised Code, we are constrained to affirm the Court of Appeals disposition of this case unless, as appellant argues, the case should be remanded to the Court of Appeals for a determination whether the referendum is unconstitutional as applied to appellant's land.

It is clear that the only effect of the referendum is to restore the zoning situation in Austintown Township to that which existed at the time appellant made application for a change in early 1966. The referendum does not take away any zoning rights acquired by appellant by the action of the township trustees, since the General Assembly, through Section 519.12, Revised Code, has expressly provided that any such rights cannot be obtained without the acquiescence of those voters living in the community affected.

The petition filed by appellant in this case seeks to have the 1966 zoning amendment declared unconstitutional and void. Since that amendment was nullified by the referendum, relief from any operative effect it might have had has already been afforded appellant by the people of Austintown Township. The petition does not attack the constitutionality of the 1948 ordinance, as amended in 1959, and the only other relief sought by appellant in its petition is an order to the zoning inspector to issue permits so that appellant might construct apartment dwellings on its property. Nowhere in the petition is it alleged that such permits were sought and denied. Therefore, it appears that appellant has not exhausted its administrative remedies and no showing can possibly be made that an adequate remedy at law is not available. See *State, ex rel. Foreman,* v. *City Council of Bellefontaine,* 1 Ohio St. 2d 132; *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85.

We therefore affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL and HERBERT, JJ., concur.

SCHNEIDER and BROWN, JJ., dissent.

SCHNEIDER, J., dissenting. I would concur in the syllabus on the ground that the exercise of the power to zone by a board of township trustees under Chapter 519, Revised Code, is not the exercise of purely *legislative* power but, at best, are quasi-legislative, quasi-judicial and quasi-executive powers, *i. e., administrative* power, and, therefore, the General Assembly is not inhibited from attaching a referendum procedure as a concomitant thereto.

However, I dissent from the judgment. I am unable to agree, as a matter of law upon this record, that the entire township, which contains an electorate of at least 7,000 persons, is "affected" by the act of the Board of Township Trustees as to the property involved here. The proposition of law stated by the syllabus is that the referendum may extend to "that portion of a township electorate to be most affected" by the zoning amendment. Therefore, the cause should be remanded for a determination of that fact. If the referendum provided by the General Assembly is more extensive than is reasonably necessary to protect interests substantially and materially affected by the amendment, the referendum should be held invalid as impinging upon the interests of the appellant.