The following consolidated appeal arises from the decision of the Youngstown Municipal Court wherein Elaine Iheama, appellant, was convicted and sentenced on two first-degree misdemeanor counts for operating a group home without a proper license. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On May 2, 1996, appellant was cited for operating a group home without a license in violation of Youngstown City Ordinance Section 1744.02. The record reflects that appellant had been attempting to obtain a license for the group home since 1994. Upon appearing in the Youngstown Municipal Court on July 15, 1996 for sentencing, appellant received a suspended sentence and was granted sixty days to obtain the proper licensing for her group home. The trial court was scheduled to review that matter on September 13, 1996, however it was continued until November 21, 1996. At that time, appellant appeared before the trial court and indicated that she had not yet been successful in obtaining a license. Therefore, the trial court sentenced appellant to sixty days in jail, fined her $1000 and ordered her to shut down the facility in question. A stay of execution was granted as related to the jail sentence and fine pending an appeal of the trial court's decision. Appellant filed a timely notice of appeal to this court on November 26, 1996.
Appellant was cited a second time for operating a group home without a license in violation of Youngstown City Ordinance Section 1744.02 on November 21, 1996. In response to the second citation, appellant filed a motion to dismiss alleging that the ordinance was unconstitutional. The basis for appellant's motion was that the ordinance violated the Fifth andFourteenth Amendments to the United States Constitution. The trial court overruled appellant's motion so appellant entered a plea of no contest to the charge. The trial court imposed a 60 day jail term, a $750 fine and a one year period of probation. The sentence was stayed based upon appellant's timely notice of appeal on February 19, 1997. Appellant filed a motion to consolidate the two appeals on March 4, 1997 which was granted by this court. A single assignment of error is alleged on appeal.
The record reveals that appellee has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App. R. 18(C), this court is granted the authority to accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error reads:
 "APPELLANT'S CONVICTIONS AND SENTENCES MUST BE VACATED FOR THE REASON THAT YOUNGSTOWN CITY ORDINANCE CHAPTER 1744 IS UNCONSTITUTIONAL."
Appellant additionally raises two sub-issues for review under her sole assignment of error. The first sub-issue reads:
 "Appellant's Convictions And Sentences Below Impermissibly Abridged Appellant's Fundamental Right To Due Process Afforded Her By The Fourteenth Amendment To The U.S. Constitution."
Appellant's second sub-issue reads:
 "Appellant's Convictions And Sentences Below Impermissibly Abridged Appellant's Liberty Interests Protected By The Fourteenth Amendment To The U.S. Constitution."
Appellant argues that the Youngstown City Ordinance provides the City Health Commissioner with unbridled discretion to deny an applicant a license for any reason or no reason at all. Additionally, appellant asserts that the ordinance fails to afford her a meaningful opportunity to be heard either prior to the City Health Commissioner's decision or by appeal thereafter. Consequently, appellant argues that the unlimited discretion in concert with the failure to provide an adequate means of examining the decision to deny the license amounts to a deprivation of her due process rights as well as her liberty interests. Due to the lack of procedural mandates, appellant contends that she has suffered a decrease in her available employment opportunities.
Under appellant's first constitutional challenge to the ordinance, she argues that the provisions of the ordinance improperly grant the Health Commissioner unbridled authority to deny a license for a group home thereby abridging her due process rights. Specifically, appellant points to sections 1744.03(h) and 1744.03(i) in support of her position. These portions of the ordinance state in relevant part:
 "(h) Grounds for denial of applications by the Health Commissioner may include but shall not be limited to, the following:
* * *
 (5) Any other conduct which threatens or adversely affects the safety and/or general welfare of the residents.
* * *
 (i) Such additional information as the Health Commissioner or the Chief Enforcement Officer of Building and Housing Inspection deems necessary to preserve the health, safety and welfare of the group homes' residents and the public, consistent with the provisions of this chapter * * *." (Emphasis added.)
Initially, this court would note that all legislative enactments enjoy a strong presumption of constitutionality. SeeState v. Collier (1991), 62 Ohio St.3d 267. When an ordinance grants authority to an individual to grant or deny a license, proper guidance and standards must be established in order to assure that the issuance of said licenses is done with uniformity. Yee Bow v. City of Cleveland (1919), 99 Ohio St. 269,273. The goal of establishing these guidelines is to avoid arbitrary or unwarranted decisions which result in an individual possessing unbridled decision-making authority. While this is generally the approach, a variation of such is applicable when dealing with legislation adopted in the exercise of the police power. Strain v. Southerton (1947),148 Ohio St. 153, 161. In the event an ordinance or statute involves the exercise of police power for the protection of public health, safety or general welfare, the Ohio Supreme Court has traditionally been more liberal in approving legislation even though it may grant broader authority. Id. In cases such as these, the Court is less likely to find the legislation violates an individual's rights even though it may not provide as much guidance to the issuing authority. Id.
A review of the ordinance's provisions in light of the above discussion reveals that the Health Commissioner was not granted unbridled discretion as appellant would have this court believe. Under section 1744.03 of the ordinance, numerous factors are listed which must be met prior to the granting of a license for a group home. Additionally, under section 1744.03(h) a number of grounds are listed which permit the denial of a license. Although this section does provide a catch all provision in which the Health Commissioner may deny a license, the provision is specifically conditioned upon the police power. Both subdivisions (h) and (i) of 1744.03 incorporate specific language which permits the adoption of conditions or the denial of a license based upon the health, safety or general welfare of the group home residents.
The fact that the Health Commissioner's reasoning must be based upon these factors undermines appellant's argument that "unbridled" discretion is granted under the ordinance. This is clearly not analogous to the case of Hornsby v. Allen (5th Cir. 1964), 326 F.2d 605 cited by appellant in which an applicant for a license met all requirements but was nonetheless refused a license "without reason". On the contrary, provisions are established within which the Health Commissioner must operate in an attempt to assure the welfare of the residents involved. Moreover, the denial of appellant's license was for these very safety and welfare reasons.
The transcript of appellant's sentencing hearings reveals that numerous violations had been documented at appellant's facilities which directly affected the residents' safety and welfare. The majority of these violations were specifically provided for within the ordinance in question. Amongst the violations were a failure to maintain adequate records as to resident funds, a failure to document and monitor resident medications and the failure to have new employees properly trained in first aid and C.P.R. techniques. The denial of a license based upon these offenses which were provided for in the ordinance is not equivalent to a denial based upon unbridled, unrestrained discretion. Therefore appellant's first challenge must fail.
Appellant's second challenge asserts that she was denied due process when no hearing or appeal was provided after the denial of the license occurred. Although appellant contends that she was not afforded a remedy to appeal the denial of the license, if she had been deprived of a constitutional right at the time the license was denied she could have immediately brought an action challenging the constitutionality of the ordinance or the denial itself. In the event appellant truly was entitled to the license to operate the group home, she could have brought an action in mandamus to compel the Health Commissioner to grant her the license. Entitlement to a writ of mandamus requires a showing that relators have a clear legal right to the relief prayed for, respondents are under a clear legal duty to perform the acts requested and relators have no plain and adequate remedy in the ordinary course of law. State ex rel.Natl. City Bank v. Bd. of Edn. (1977), 52 Ohio St.2d 81, 84.
In that appellant was apparently in disagreement with the denial of the license and she was of the opinion that the ordinance did not provide for an appeal of the denial, she could have filed a mandamus action to compel the Health Commissioner to grant the license. Appellant would only need to show that the Commissioner abused his discretion or arbitrarily denied the license to which she was rightfully entitled. If appellant was correct in her belief, the Health Commissioner would have been ordered to issue the license. Any challenges to the denial of the license could have been properly brought at that time. However, rather than follow the appropriate avenue to challenge the ordinance, appellant chose to violate the clear dictates of the law and then later attempt to challenge the statute's constitutionality.
Due to the fact that appellant had a remedy in the form of a mandamus action, this court is unable to find that her due process rights were violated. In that appellant's constitutional challenges are without merit and thus the denial of the license was appropriate, this court is unable to find that any liberty interest was abridged.
For the foregoing reasons, the decision of the trial court is affirmed.
Cox, P. J., concurs.
Donofrio, J., concurs.
APPROVED:
 ------------------------ JOSEPH J. VUKOVICH, JUDGE