DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Common Pleas Court judgment in favor of John W. Finlay, Charles H. Fuller and Lawrence P. Rose, Rome Township Trustees, defendants below and appellees herein, on the claims brought against them and on their counterclaim against William A. Todd and Ada Todd, plaintiffs below and appellants herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO APPELLANTS' PREJUDICE IN NOT FINDING THE ROME TOWNSHIP TRUSTEE RESOLUTION NO. 00-12 TO BE ARBITRARY, UNREASONABLE AND OTHERWISE UNCONSTITUTIONAL."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO APPELLANTS' PREJUDICE IN NOT FINDING THE ROME TOWNSHIP TRUSTEE RESOLUTION NO. 00-12 TO BE ADOPTED AND APPLIED BY THE TRUSTEES IN VIOLATION OF O.R.C. § 505.17."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO APPELLANTS' PREJUDICE IN NOT FINDING THE ACTIONS OF THE ROME TOWNSHIP TRUSTEES THAT ALLOW ENCROACHMENTS ON A TOWNSHIP RIGHT-OF-WAY BY A PROPERTY OWNER WHILE ENFORCING REMOVAL ACTIONS AGAINST AN ENJOINING PROPERTY OWNER TO BE A VIOLATION OF EQUAL PROTECTION UNDER THE LAW."
On April 20, 1999, appellants acquired lots four and five of the Clark Estates Subdivision. This property is located at 84 Township Road 1279 (also known as, and hereinafter referred to as, "Clark's Lane") in Rome Township, Lawrence County, Ohio. At the time, Clark's Lane appeared to be a dead-end gravel roadway. However, unbeknownst to appellants, the road actually had a cul-de-sac at the end of the street where their house was located.
Shortly after moving in, appellants blacktopped a portion of the roadway near their home and began some extensive landscaping. The landscaping project included a large privacy fence around a portion of their property.[1] Several neighbors complained about the fence blocking Clark's Lane. A subsequent survey showed that the fence did, in fact, encroach on a portion of the cul-de-sac. Neighbors also complained about on-street parking which, in February of 2000, prompted appellees to adopt Township Resolution No. 00-12. The resolution banned all on-street parking on Clark's Lane.
Appellants commenced the action below on May 9, 2000, and asked the court for, among other things, a declaratory judgment that the township parking resolution was void and that their fence could "remain as located." Appellees denied that such relief was warranted and asserted a number of defenses. Appellees also filed a counterclaim and alleged (1) that appellants' fence encroached on the township right-of-way; and (2) asked for an injunction and an order to require appellants to remove the fence.
The matter came on for a magistrate's hearing on January 11, 2001. Township Trustee J. B. Finlay testified as to the reasons the trustees wanted the fence removed and parking banned on Clark's Lane.[2] Finlay also briefly described the procedure by which Township Resolution No. 00-12 was adopted. Appellants then responded with their own evidence that neither the privacy fence nor on-street parking caused problems on Clark's Lane.
At the conclusion of trial, the magistrate ruled that the privacy fence must be removed and that the Township Resolution that banned parking on Clark's Lane would be allowed to stand.
Appellants requested findings of fact and conclusions of law. The magistrate filed the findings and conclusions on March 27, 2001. In explaining his decision, the magistrate noted that the privacy fence encroached on the township right-of-way and must be removed. The magistrate further concluded that the "no parking regulation adopted by the Trustees was a reasonable exercise of [their] police power . . ." Appellants filed objections to this report and the matter came on for oral hearing before the trial court. On May 11, 2001, the court affirmed the magistrate's decision and ordered the removal of the fence. The court also ruled that "[t]he no parking regulation adopted by the [Trustees] was a reasonable exercise of [their] police power and [was] enforceable." This appeal followed.
 I
We first consider, out of order, appellants' second assignment of error. Appellants argue that Township Resolution No. 00-12 is invalid because appellees did not follow the proper procedure to adopt the resolution. Specifically, they cite R.C. 505.17(B)(1) which states,inter alia, as follows:
 "All regulations and orders . . . established by the board [of township trustees] . . . shall be posted by the township clerk in five conspicuous public places in the township for thirty days before becoming effective, and shall be published in a newspaper of general circulation in the township for three consecutive weeks. * * *" (Emphasis added.)
Trustee Finlay testified that the township had posted the resolution "in the public newspaper" and "in the community in obvious area's [sic]." Appellants offered nothing to rebut this evidence, except to say that they did not see any such notice.[3] However, Finlay also testified that "no parking" signs were erected "[a]fter the resolution was passed." Appellants argue that his testimony reveals that the Township Trustees did not comply with the R.C. 505.17(B)(1) thirty day requirement and that the resolution is invalid. We disagree.
First, it is not clear from Finlay's testimony exactly when the "no parking" signs were erected on Clark's Lane. His comment that the signs were erected "after" the resolution was passed could mean one hour after or one month after. It simply is not clear from the record. However, assuming arguendo that the signs were erected immediately after the trustees passed the resolution, appellants cite no authority for the proposition that this action rendered the resolution invalid. Our interpretation of the R.C. 505.17(B)(1) "thirty day" time frame is that it relates to the effective date of a township resolution rather than a resolution's validity. The statute specifies that all new regulations shall be posted in five conspicuous places in the community "for thirty days before becoming effective." (Emphasis added.) Thus, the fact that appellees may have posted a no parking sign prematurely does not affect the validity of the resolution; rather, it means that the sign was not yet effective and enforceable at the time. Once the thirty day time frame had elapsed, the resolution was effective and the no-parking ban could be enforced. See 2 Baldwin's, Ohio Township Law (1991) 266, § 95.02.
Accordingly, based upon the foregoing reasons we overrule appellant's second assignment of error.
 II
We now return to appellants' first assignment of error. Appellants argue that the trial court erred in not finding that Township Resolution No. 00-12 was arbitrary, unreasonable and unconscionable. We disagree.
Our analysis begins from the fundamental premise that the function of a township is to serve as an agency of the state for purposes of political organization and local administration. See generally Cook-Johnson RealtyCo. v. Bertolini (1968), 15 Ohio St.2d 195, 199, 239 N.E.2d 80, 83-84;Tuber v. Perkins (1966), 6 Ohio St.2d 155, 157, 216 N.E.2d 877, 879;State ex rel. Godfrey v. O'Brien (1917), 95 Ohio St. 166, 115 N.E. 25, at paragraph one of the syllabus. Townships have no inherent or constitutionally granted police power to enact regulations. Yorkawitz v.Bd. of Twp. Trustees (1957), 166 Ohio St. 349, 351, 142 N.E.2d 655, 656. They are creatures of statute and have only the police/regulatory powers delegated to them by the General Assembly. Id.; State ex rel. Schramm v.Ayres (1952), 158 Ohio St. 30, 33, 106 N.E.2d 630, 632.
That said, we note that R.C. 4511.07(A) grants local governments police power to regulate the parking of vehicles on streets under their jurisdiction. Township parking regulations will be upheld as a valid exercise of police power under that statute as long as the regulations are reasonable, nondiscriminatory, of uniform application, rationally related to their purpose and do not interfere with private rights beyond the necessities of the situation. See 2 Baldwin's, supra at 266, § 95.01; 1981 Ohio Atty.Gen.Ops. No. 86.
Courts must accord to the legislative body drafting those regulations wide discretion to determine not only what the public interest requires, but also what measures are necessary to protect that interest. SeeCleveland v. Terrill (1948), 149 Ohio St. 532, 536, 80 N.E.2d 115, 117. Moreover, the presumptions of reasonableness and validity that attach to legislation in general also applies to regulations enacted under local police powers. Thus, courts will indulge every possible inference in favor of their validity. See 6A McQuillin, Municipal Corporations (1997 Rev.) 93, § 24.31; 2 Antieau, Local Government Law (2nd Ed. 2001) 29-6, § 29.01. Courts will pronounce police power legislation invalid only when it clearly is so and the burden of proof is always on the party challenging its validity. 6A McQuillin, supra at 93, § 24.31.
Trustee Finlay testified that the trustees adopted the "no parking" resolution because of complaints from Clark's Lane residents.[4] Finlay further stated that on-street parking blocked Clark's Lane at the end (where appellants live) "eighty (80%), ninety (90%) of the time."[5]
The Township Trustees adopted the resolution to ameliorate those problems.
We believe that sufficient reason exists to justify the township trustees' actions. It is not the function of the courts to micro-manage traffic regulations in Rome Township. Nor should courts substitute their judgment for that of the duly elected trustees of that township to determine what is best for the residents in that area. Clearly, a valid reason existed for the adoption of this resolution. We agree with the trial court's conclusion that insufficient reasons exist to strike it down. If citizens are dissatisfied with the laws of their locality, they have recourse to the democratic process to change them. Accordingly, based upon the foregoing reasons, we overrule appellants' first assignment of error.
 III
Appellants' third assignment of error involves the order that requires them to remove their privacy fence. No question existed during the course of these proceedings that the fence encroaches on the roadway. However, appellants point to the uncontroverted evidence that a number of trees planted adjacent to Clark's Lane also encroach on the roadway. Appellants argue that the trial court erred in ordering them to remove their fence, without also ordering the removal of the trees, and that this judgment constitutes a violation of their equal protection rights. We are not persuaded.
The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. Section 2, Article 1 of the Ohio Constitution places the same limit on state government as the Equal Protection Clause of the Fourteenth Amendment.See Wagner v. Armbruster (1996), 108 Ohio App.3d 719, 728, 671 N.E.2d 630,635; Cuyahoga Cty. Support Enforcement Agency v. Lozada (1995),102 Ohio App.3d 442, 452, 657 N.E.2d 372, 379. Both clauses require that all similarly situated individuals be treated in a similar manner. Stateex rel. Riter v. Indus Comm. (2001), 91 Ohio St.3d 89, 93, 742 N.E.2d 615,618; State ex rel. Patterson v. Indus. Comm. (1996), 77 Ohio St.3d 201,204, 672 N.E.2d 1008, 1011; State ex rel. Doersam v. Indus. Comm. (1989), 45 Ohio St.3d 115, 119, 543 N.E.2d 1169, 1173.
Trustee Finlay testified that appellants' privacy fence impeded traffic, but that the trees did not. Moreover, Finlay stated that the fence actually blocked another property owner's access to Clark Lane. Apparently, no such problem exists with the trees. Thus, to the extent that an equal protection argument could even be asserted here, it is obvious that the privacy fence caused more problems than the trees. Clearly, appellants are not similarly situated with the other property owners and no violation of equal protection has occurred.
Accordingly, based upon the foregoing reasons we overrule appellants' third assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
[1] The township later blacktopped the remaining portion of Clark's lane to State Route 7.
[2] Presumably, this is the same Mr. Finlay who is denoted as lead defendant in the complaint. No explanation is given though as to why he was named "John W. Finlay" in the complaint but at trial gave the name "J. B. Finlay."
[3] Appellant William Todd stated at trial that he did not dispute that the resolution had been published in the paper and posted in various places in the township.
[4] These residents included Mr. Traylor and Ms. Casto. It appears that Casto's boyfriend, a Mr. Palmer, also complained about the parking situation.
[5] Appellant William Todd explained that because of the number of vehicles owned by family members, their housekeeper and any guests must park on the street.