**CITY OF SEVEN HILLS, Appellant**

**v.**

**CITY OF PARMA et al., Appellees.**

[Cite as *Seven Hills v. Parma* (1994), 98 Ohio App.3d 311.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 67011.

Decided Oct. 31, 1994.

312

*Allen A. Kacenjar,* Law Director, for appellant.

*William D. Mason,* Law Director, for appellee city of Parma.

NAHRA, Chief Justice.

Plaintiff-appellant, the city of Seven Hills, appeals from the trial court order that denied appellant's complaint for a restraining order against defendant-

appellee, the city of Parma. By filing its complaint, appellant sought to prevent appellee from constructing a cul-de-sac on Old Rockside Road at the border of the two cities. The trial court's order in effect permits appellee to proceed with the construction. Other pertinent facts concerning this appeal follow.

Appellee is an unchartered municipal corporation. On July 20, 1992, appellee's city council passed an ordinance to rezone a parcel of property "located on the southeast corner of Old Rockside Road and Broadview Road" from "office building district to retail district." The rezoning was "contingent upon the installation of a cul-de-sac on the eastern most [sic] portion of * * * Old Rockside Road * * * which borders upon the subject parcel * * * so as to prohibit any through motor vehicle traffic between Broadview and Rockside Roads along that portion of Old Rockside Road located within the City of Parma." The rezoning was "further conditioned upon the developer contributing up to $15,000.00 for the cost of installing the cul-de-sac."

As justification for the action taken thereunder, Ordinance No. 100–92 stated:

"The installation of the cul-de-sac is necessary to prevent any increase in traffic along Old Rockside Road, which currently abuts residential properties within the City of Parma, and which increase can be reasonably anticipated as a result of the above-mentioned rezoning."

This ordinance was approved by appellee on July 28, 1992.

Thereafter, on May 17, 1993, appellee's city council passed Ordinance No. 110–93, respecting the above-mentioned plan for Old Rockside Road, which stated as follows:

"An ordinance to create a cul-de-sac on Old Rockside Road at the city line, to retain the services of an independent professional engineer, and to secure permanent easements on the affected parcels

"Be it ordained by the council of the city of Parma, state of Ohio:

"Section 1. That the Mayor and Director of Public Service are hereby authorized and directed to create a cul-de-sac on Old Rockside Road at the City line, in accordance with the City of Parma's Engineering Department's specifications, to retain the services of an independent professional engineer, if necessary, and to secure permanent easements on the affected parcels.

"Section 2. That in accordance with Ordinance No. 100–92, passed July 20, 1992, the City of Parma shall be reimbursed for costs from the developer of permanent parcel number 445–16–001 up to $15,000.00. The residents of Old Rockside Road shall be assessed for the difference between the costs of the cul-de-sac and the contribution of the developer pursuant to law.

"Section 3. That this Ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public health, safety and welfare of the City of Parma, and for the further reason that this measure is necessary at the earliest time possible due to many serious accidents occurring in this area, and this Ordinance shall become immediately effective upon receiving the affirmative vote of two-thirds of all members elected to Council and approval of the Mayor, otherwise from and after the earliest period allowed by law."

The ordinance was approved on May 26, 1993.

On June 16, 1993, appellant filed its complaint [1] against appellee and its officers in the Cuyahoga County Court of Common Pleas.[2] Therein, appellant prayed for an injunction and "other equitable relief" seeking to prevent appellee's construction of the cul-de-sac which would thus close Old Rockside Road at the border of the two cities.

In its complaint, appellant averred that the closing of Old Rockside Road would "cause its residents and the general public at large undue hardship, inconvenience, and will affect the health, safety and welfare of the residents of the City of Seven Hills, and will further deny them rightful access to the use of the subject street." Appellant also averred that appellee had "exceeded the powers granted to it by the State of Ohio" and had "not taken necessary steps" before determining Old Rockside Road should be closed. Appellant stated that appellee had by its actions violated the constitutional rights of the citizens of Seven Hills, and, further, that the closure of Old Rockside Road would "cause irreparable injury and harm" to its citizens and the community at large.

Appellee answered the complaint with denials of the pertinent allegations and several affirmative defenses. Discovery thereupon commenced. Appellant thereafter filed several deposition transcripts in the trial court.

Trial on the matter commenced on February 1, 1994. The trial court heard the testimony of both appellant's and appellee's witnesses. Moreover, the trial court also had the trial briefs filed by appellant and appellee for its consideration.

The trial court ultimately found in favor of appellee. In its order of judgment the trial court stated appellant "did not prove that [Parma's] decision to construct a cul-de-sac on Old Rockside was clearly unreasonable, or that the decision was arbitrary, carpricious [sic] or in bad faith as set forth in *City of Cleveland v. Shaker Hts.* (1987), 30 [Ohio] St.3d 49 [30 OBR 156, 507 N.E.2d 323]."

---

1. On September 29, 1993, appellant filed an amended complaint for "a Temporary Restraining Order and Preliminary and Permanent Restraining Orders and Other Equitable Relief."

2. Although the state of Ohio was made a party pursuant to R.C. 2721.12 and filed an answer to appellant's complaint, it elected not to participate in the action.

Appellant has filed a timely appeal from the order of the trial court and assigns as error the following:

"The trial court erred in denying the plaintiff's amended complaint for temporary restraining orders, preliminary and permanent restraining orders and other equitable relief in holding that the plaintiff did not meet its burden of proof in the trial on the action of the defendant, city of Parma's decision to construct a cul-de-sac on Old Rockside Road at the border of Seven Hills and Parma and holding that the decision of the city of Parma was not unreasonable, arbitrary, capricious or made in bad faith as the trial court's finding was against the manifest weight of the evidence."

In this lengthy assignment of error, appellant essentially argues that the trial court's judgment was against the manifest weight of the evidence. Appellant contends that appellee's action was "arbitrary, capricious and pursued in bad faith" because the evidence adduced at trial proved the following: (1) appellee did not base its decision to close Old Rockside Road on either a traffic study or any "extensive expert advice" and, further, failed to consider how its decision would affect appellant or its citizens; and (2) appellee's underlying motive for closing Old Rockside Road was to financially assist the developer of the rezoned parcel of property located on that thoroughfare. A review of the record, however, leads to the conclusion the trial court's decision in this case was proper.

It is fundamental that a judgment which is supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273.

Although R.C. 723.01 requires municipalities to keep their streets "open," this requirement does not preclude reasonable regulation of vehicular traffic and traffic patterns by a municipality. *Cleveland v. Shaker Hts.* (1987), 30 Ohio St.3d 49, 30 OBR 156, 507 N.E.2d 323, at paragraph one of the syllabus. Furthermore, R.C. 723.05 provides in part:

"When, *in the opinion of the legislative authority,* there is *good cause for vacating* or narrowing a street or alley, or any part thereof, *and* that such vacation or narrowing *will not be detrimental to the general interest,* it *may,* by ordinance and without petition therefor, vacate or narrow such street or alley or any part thereof." (Emphasis added.)

In *Smith v. Wintersville* (App.1962), 90 Ohio Law Abs. 47, 26 O.O.2d 40, 187 N.E.2d 511, the court held that a municipal authority has discretion to determine when a street shall be vacated in accordance with R.C. 723.05; further, a reviewing court will not disturb this determination in the absence of fraud or an

abuse of discretion. See, also, *Willott v. Beachwood* (1964), 175 Ohio St. 557, 26 O.O.2d 249, 197 N.E.2d 201. The party challenging the enactment must therefore demonstrate that the traffic plan resulting from this determination is either clearly unreasonable or that the plan itself is arbitrary, unreasonable or pursued in bad faith. *Eastland Woods v. Tallmadge* (1983), 2 Ohio St.3d 185, 2 OBR 726, 443 N.E.2d 972; *Cleveland v. Shaker Heights, supra.*

The trial court in this case relied upon *Cleveland v. Shaker Heights, supra,* in denying appellant's request for equitable relief against appellee, stating appellant did not meet its burden of proof.[3] Although appellant argues that the weight of the evidence cannot sustain the trial court's decision, this court does not agree.

The evidence demonstrated that Old Rockside Road is primarily a residential street approximately one-half mile in length. It joins Broadview Road, a major thoroughfare in Parma, to Pinnacle Park Drive in the city of Seven Hills. Old Rockside Road is located in the interchange area of Interstates 77 and 480, where a large number of businesses have begun operation in the past years. It has a pavement width of only about twenty feet. There are no sidewalks abutting this road. The road, moreover, is hilly and curving.

The evidence further demonstrated Old Rockside Road is often used by motorists in the area as a "cut-through" street. It thus has a high volume of traffic in relation to its otherwise residential characteristics. Moreover, the motorists using Old Rockside Road in this manner often ignore the traffic control signs posted by appellant and appellee. Because of safety concerns generated by these motorists and a number of traffic accidents which had occurred, residents of Old Rockside Road, including those living in appellant city, signed a petition requesting appellee to create a cul-de-sac on its portion of the road.

Appellant had the burden to prove that appellee's action in closing Old Rockside Road to promote traffic safety was "clearly unreasonable" or "pursued in bad faith." *Cleveland v. Shaker Heights, supra.* In this appellant failed. Rather, the evidence demonstrated that appellee had considered other options to closure of the road and after discussing the matter with appellant had even pursued some; nevertheless, these options produced unsatisfactory results.

Although appellant contends that the decision to create a cul-de-sac was clearly unreasonable since it was not based upon a prior traffic study or "extensive

---

3. Appellant intimates in its appellate brief that since appellee is not a chartered municipality, its discretion in matters of traffic control is somehow limited; however, appellant provides no authority for this proposition. In view of this, and also in view of Ohio Supreme Court decisions which indicate otherwise, see *e.g., Perrysburg v. Ridgway* (1923), 108 Ohio St. 245, 140 N.E. 595; cf. *Rispo Realty & Dev. Co. v. Parma* (1990), 55 Ohio St.3d 101, 564 N.E.2d 425, this court does not find appellant's proposition to be well-founded.

expert advice," this argument finds a basis in neither the case law nor the evidence. Indeed, the facts in *Cleveland v. Shaker Heights, supra,* parallel the facts in this case, *i.e.,* based upon ordinary experience, the decision to close the street was made, then alternatives were discussed and traffic studies were undertaken which eventually only underscored the soundness of the original decision.

Moreover, appellant failed to prove that the closing of Old Rockside Road would cause undue hardship or create safety concerns for its residents. Larry Fulton, appellant's civil engineer, admitted on cross-examination that he had conducted no traffic surveys regarding Old Rockside Road for appellant, that he had no knowledge of the residents' safety concerns, and that residents of appellant would suffer only minor inconvenience at the closing of the road. Ward councilman Robert Leech admitted that Old Rockside was "one of the narrower roads" located in appellant and that traffic plan alternatives to closure of the road had been tried but failed.

In reviewing the evidence on this point, this court is mindful of the following observation stated in *Cleveland v. Shaker Heights, supra,* 30 Ohio St.3d at 54, 30 OBR at 160, 507 N.E.2d at 327:

"The wisdom of [the] plan or whether it was the best answer to a perceived problem are, in truth, not proper subjects for judicial inquiry."

Appellant further asserts that since the creation of the cul-de-sac was tied to a plan for development of one parcel of property, the traffic plan was "pursued in bad faith." The evidence merely showed, however, that before appellee would grant the requested zoning, the traffic safety and financial concerns of the residents of Old Rockside Road would have to be satisfied. This is insufficient to prove the existence of bad faith. *Smith v. Wintersville, supra;* cf. *Holland v. Yoder* (Feb. 2, 1990), Lucas App. No. L–89–103, unreported, 1990 WL 7979.

In short, therefore, appellant failed to demonstrate that the creation of a cul-de-sac on Old Rockside Road as a means of implementing a safer traffic pattern was clearly unreasonable, or that the plan itself was arbitrary, unreasonable or pursued in bad faith. *Cleveland v. Shaker Heights, supra; Eastland Woods v. Tallmadge, supra.* Under these circumstances, the decision of the trial court was not against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland, supra; Eastland Woods v. Tallmadge, supra; Smith v. Wintersville, supra.* Therefore, the trial court did not err in rendering judgment for appellee.

Accordingly, appellant's assignment of error is overruled.

*Judgment affirmed.*

PATTON and DYKE, JJ., concur.