SMITH ET, PLAINTIFFS-APPELLANTS, *v.* WINTERSVILLE (VILLAGE) ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Jefferson County.

No. 1129. Decided January 31, 1962.

*Mr. E. B. McMaster,* for plaintiffs-appellants.
*Mr. William J. Morrow* and *Mr. James H. McHugh,* for defendants-appellees.

BROWN, P. J.    Council of the Village of Wintersville enacted ordinance number 164 on January 4, 1957, entitled "an ordinance to vacate a portion of old U. S. Route 22 and to narrow a portion of old U. S. Route 22 in the Village of Wintersville, Ohio." This ordinance vacated a portion of the village street as there described.

Section 723.05, Revised Code, provides that the legislative authority of a municipal corporation may by ordinance vacate or narrow a street, alley or any part thereof, when, in the opinion of the legislative authority there is good cause for so doing, and such action is not detrimental to the general interest. It is therefore the province of the City Council of Wintersville to determine when a street shall be vacated, and their discretion in this regard will not be reviewed by this court in the absence of fraud or abuse of discretion. 25 American Jurisprudence, 418.

It is conceded that the statutory requirements of notice, reading, passing and publication of the ordinance have been complied with.

Plaintiffs are abutting property owners who claim in their petition that council did not have good cause for vacating and narrowing said street, and that the action taken by counsel in so doing was detrimental to the general interest.

Had plaintiff clearly proved these claims, or either of them, then the ordinance would have been invalid and could be so declared as being an abuse of legislative discretion.

The trial court, however, found that plaintiffs had failed to establish these facts; that the defendants, therefore, must prevail; and that the ordinance was a valid exercise of legislative discretion. We find that the trial court was correct in so holding.

The written agreement between council and certain other owners of abutting property in which council agreed to initiate the ordinance in question is evidence of one of council's motives in passing the ordinance, but is not evidence of fraud or constructive fraud.

Council's motives in such a matter are not material where there is no evidence of fraud. 44 C. J., 87, Note 18; *Peoples, ex rel. Foote,* v. *Kelly,* 53 N. E. (2d), 429; 25 American Jurisprudence, 418, note 5.

We have examined the evidence carefully. The trial court's decision that plaintiff failed to prove lack of good cause for the vacation of the street, and failed to prove the existence of detriment to the general interest is not against the manifest weight of the evidence.

We find no error in the judgment of the court below, and such judgment is therefore affirmed.

DONAHUE and GRIFFITH, JJ., concur.