Tuber et al., Appellants, *v.* Perkins et al., Board of Trustees of Boardman Township; Jones, Appellee.

(No. 39279—Decided May 18, 1966.)

156

[black redaction block]

Mr. H. Herschel Hunt and Mr. C. G. Economus, for appellants.

Messrs. Harrington, Huxley & Smith and Mr. Kenneth C. Schafer, for appellee.

MATTHIAS, J. The primary question raised by this action is whether an appeal may be prosecuted to the Court of Common Pleas under the provisions of Section 2506.01 et seq., Revised Code, from the action of a Board of Township Trustees amending a zoning resolution.

Section 2506.01, Revised Code, reads in part as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code."

This section relates to appeals from administrative orders of such bodies; it does not provide for appeals from legislative bodies or from resolutions of administrative bodies promulgated in a delegated legislative capacity. Berg v. City of Struthers (1964), 176 Ohio St. 146. See Zangerle, Aud., v. Evatt, Tax Commr., 139 Ohio St. 563.

Thus, the basic question is whether a Board of Township Trustees is acting in an administrative or legislative capacity when it adopts or amends a zoning resolution.

Although basically the legislative power is confined to the General Assembly, the General Assembly may delegate legislative power in relation to local matters to political subdivisions. 10 Ohio Jurisprudence 2d 397, Constitutional Law, Section 318.

A township is an agency of the state, is a part of the organization of the state government, and is a political subdivision of the state. *State, ex rel. Godfrey, a Taxpayer,* v. *O'Brien, Treas.* (1917), 95 Ohio St. 166; *Village of Beachwood* v. *Board of Elections of Cuyahoga County* (1958), 167 Ohio St. 369. Therefore, the General Assembly may delegate to it legislative powers which relate purely to matters of local concern.

The enactment and amendment of zoning regulations constitute legislative action. *Berg* v. *City of Struthers, supra;* 101 Corpus Juris Secundum 662, Zoning, Section 1.

Inasmuch as zoning is peculiarly a local problem impracticable of solution on a state-wide basis, the General Assembly has delegated the regulation thereof to the local subdivisions. The General Assembly by Chapter 519, Revised Code, has empowered townships to regulate zoning. This constituted a delegation of police power (*Yorkavitz* v. *Board of Township Trustees of Columbia Twp.* [1957], 166 Ohio St. 349) which could be exercised only by legislative action. In other words, the General Assembly delegated to townships the legislative power to enact zoning regulations.

Thus, a Board of Township Trustees in adopting zoning resolutions is acting in a legislative capacity. *Randall* v. *Meridian Township Board* (1955), 342 Mich. 605, 70 N. W. 2d 728; *Township of Dearborn* v. *Dearborn Township Clerk* (1952), 334 Mich. 673, 55 N. W. 2d 201. The legislative nature of such action is evidenced by the fact that Section 519.12, Revised Code, provides for a petition for referendum on resolutions of township trustees which amend zoning ordinances.

Therefore, the action of a Board of Township Trustees in adopting or amending a zoning regulation is a legislative action and does not fall under the provisions of Section 2506.01, Revised Code, providing for appeals to the Court of Common Pleas from final orders of administrative bodies.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT and WASSERMAN, JJ., concur.

WASSERMAN, J., of the Eighth Appellate District, sitting for BROWN, J.

Schneider, J., concurring. I disagree with the reasoning of the court but I concur in the judgment for a number of other reasons.

First, the appellants here, in attempting to appeal from the decision of the Board of Township Trustees, failed to name as the appellee the real adverse party, DeEtta Jones, *who had petitioned the board for a change of zone and was successful.*

Second, the third paragraph of Section 2506.01, Revised Code, reads as follows:

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; *any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person;* nor any order issued preliminary to or as a result of a criminal proceeding." (Emphasis added.)

The resolution involved herein, changing the zone, did not affect a "specified person" or persons. Nothing in the record indicates that it affected these appellants in particular or that they registered any protest to the board or participated in the hearing. It affected generally the entire township comprehensive zoning plan.

Third, the resolution changing the zone did not, in itself, adversely affect the rights of the appellants. For all any one knows, the purpose for which the zone change was sought and granted may never have been pursued. In other words, the attempted appeal, antedating the application of a zoning use permit or building permit, or both, was premature.

Therefore, the Court of Common Pleas was without jurisdiction of the appeal, the Court of Appeals was correct in reversing the judgment entered by the Court of Common Pleas, and this court is correct in affirming the judgment of the Court of Appeals.

The court may well have grounded its decision on one or more, or all, of the foregoing reasons. However, I do not understand or infer that the decision denies the remedy of a Chapter 2506 appeal to a person who has applied for relief from the restrictions of a township zoning resolution *and that*

*relief has been denied.* In fact, it appears that that remedy is not only available to such person but is adequate, so that neither injunctive relief nor mandamus is permissible.

However, until a case is reached by this court in which the foregoing situation is squarely before it, the appellant in every Chapter 2506 appeal from proceedings which involve, even in part, action or refusal of action by the "legislative authority" of a municipal corporation, county or township, regardless of how the proceedings originate, should protect himself by instituting a companion action for injunction (or declaratory judgment, if applicable), with a motion that such action be consolidated with the appeal.

As to a party in the position of appellants here, who claim to be aggrieved by the *action*, as distinguished from the *inaction*, of the "legislative authority" because of ownership of adjacent or neighboring properties, a Chapter 2506 appeal does not exist, at least in the absence of a clear showing that the order adversely affected his rights (which showing was absent here) and, therefore, he ought to have recourse to injunctive relief in an original action if his claims are meritorious.

TAFT, C. J., concurs in the foregoing concurring opinion except for the first sentence therein.