ARMATE ASSOCIATES, LTD., et al., Appellants,

v.

**CITY OF REYNOLDSBURG, Appellee.**

[Cite as *Armate Assoc., Ltd. v. Reynoldsburg* (1997), 122 Ohio App.3d 469.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE11–1570.

Decided Aug. 28, 1997.

*Harvey S. Minton; Cohen, Todd, Kite & Stanford* and *Craig A. Minegar,* for appellant Armate Associates, Ltd.

*William F. Underwood,* for appellee.

DESHLER, Judge.

This is an appeal by plaintiffs, Armate Associates, Ltd., Paul and Joyce Bernsdorf, Paula Leonard, and Rainbow Station Daycare, Inc., from a judgment of the Franklin County Court of Common Pleas, dismissing plaintiffs' appeal from the enactment of an ordinance by defendant, city of Reynoldsburg ("city").

This matter involves a dispute over the city's decision to vacate a portion of a city street, Merchant's Drive. The plaintiffs in this action own properties or businesses in close proximity to Merchant's Drive. Upon application, the Reynoldsburg City Council ("council") considered a request to vacate a portion of the street at issue. On June 10, 1996, following notice by publication and a hearing, council passed Ordinance No. 78–96, vacating Merchant's Drive.

On July 1, 1996, plaintiffs filed a notice of appeal with the trial court from the enactment of the ordinance. In their notice of appeal, plaintiffs asserted that the evidence relied upon by the city in passing the ordinance did not establish good cause or a showing that the vacation would not be detrimental to the general interest. On August 12, 1996, the city filed a motion to dismiss plaintiffs' appeal. Plaintiffs filed a memorandum contra the city's motion to dismiss on August 29, 1996.

On September 23, 1996, the trial court issued a decision granting defendant's motion to dismiss. Specifically, the trial court granted dismissal on the grounds of lack of jurisdiction and a finding that plaintiffs lacked standing to appeal. The decision of the trial court was journalized by judgment entry filed October 23, 1996.

On appeal, plaintiffs set forth the following three assignments of error for review:

"First Assignment of Error:

"The trial court erred by dismissing plaintiffs-appellants' appeal on the basis of lack of jurisdiction under O.R.C. Section 2506.01.

"Second Assignment of Error:

"The trial court erred by dismissing plaintiffs-appellants' appeal on the basis of lack of standing to appeal.

"Third Assignment of Error:

"The trial court erred by dismissing plaintiffs-appellants' appeal on the premise that the ordinance, enacted pursuant to O.R.C. Section 723.04, resulted from legislative action, not reviewable by the court absent 'clear abuse of power.'"

Plaintiffs' first and third assignments of error are interrelated and will be discussed together. Under these assignments of error, plaintiffs challenge the trial court's finding that the city's action in vacating the public street was a legislative act and that, in the absence of a showing of abuse of power, such action was not reviewable by means of appeal.

As noted under the facts in the present case, plaintiffs attempted to appeal to the trial court from the enactment by the city of an ordinance vacating a portion of a city street. Plaintiffs sought to bring their appeal pursuant to R.C. 2506.01, which states that "[e]very final order, adjudication, or decision of any * * * division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." The Ohio Supreme Court has held that "in order for an administrative act to be appealable under R.C. 2506.01 such act must be the product of quasi-judicial proceedings." *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 153, 61 O.O.2d 394, 395, 290 N.E.2d 562, 564. Alternatively, R.C. 2506.01 "does not provide for appeals from legislative bodies or from resolutions of administrative bodies promulgated in a delegated legislative capacity." *Tuber v. Perkins* (1966), 6 Ohio St.2d 155, 156, 35 O.O.2d 255, 256, 216 N.E.2d 877, 878.

In the present case, the city enacted Ordinance No. 78–96 pursuant to R.C. 723.04, which states in pertinent part:

"The legislative authority of a municipal corporation, on petition by a person owning a lot in the municipal corporation praying that a street or alley in the immediate vicinity of such lot be vacated * * * upon hearing, and upon being satisfied that there is good cause for such * * * vacation * * * that it will not be detrimental to the general interest, and that it should be made, may, by ordinance, declare such street or alley vacated * * *."

Plaintiffs, in asserting that the trial court erred in granting the city's motion to dismiss, rely upon this court's prior decision in *Schroer v. Franklin Cty. Bd. of*

*Elections* (June 22, 1976), Franklin App. No. 75AP–638, unreported. In *Schroer,* this court affirmed the trial court's finding that the vacation of a street by a city council, pursuant to R.C. 723.04, was an administrative act of the legislative body.

Subsequent to this court's decision in *Schroer,* the Ohio Supreme Court, in *Eastland Woods v. Tallmadge* (1983), 2 Ohio St.3d 185, 188, 2 OBR 726, 728, 443 N.E.2d 972, 974, held that "[t]he act of vacating a street is a legislative act and, as with other legislative acts, it will be presumed, in the absence of a clear showing to the contrary, that the General Assembly acted in good faith to further a valid public purpose." The general rule regarding the power of a municipal corporation to vacate a street is stated in McQuillin, Municipal Corporations (3 Ed.1991), Section 30.185, which provides in part:

"Ordinarily such power is full and complete constituting the proper municipal authorities the sole judges as to when streets shall be opened and closed by due observance of all applicable legal provisions. The propriety [and] wisdom of such a delegation of legislative power, as well as its exercise in particular cases by municipal authorities, are legislative questions not ordinarily subject to review."

In addition to the Ohio Supreme Court's holding in *Eastland Woods,* other Ohio courts have held that the act of vacating a street is a purely legislative function. See *Smith v. Wintersville* (1962), 26 O.O.2d 40, 41, 187 N.E.2d 511, 512 (ordinance by city council was a valid exercise of legislative discretion and such discretion will not be reviewed by appellate court in the absence of fraud or abuse of discretion); *Purtee v. Wayne Lakes* (Feb. 11, 1983), Darke App. No. 1075, unreported, 1983 WL 4810 (action by county commissioners denying a petition to vacate a road constitutes a legislative act); *Zetzer v. Lundgard* (1953), 95 Ohio App. 51, 52 O.O. 407, 117 N.E.2d 445 (under Ohio statutes, the council of a city is authorized to vacate a street or a portion thereof whenever, in the exercise of its sound discretion, such action is not detrimental to the public interest).

Plaintiffs contend that the holding in *Eastland Woods* is inapplicable to the instant action because, under the facts of that case, the vacating of a street by the municipality was performed pursuant to R.C. 723.05, which permits a legislative authority to vacate a street without petition.[1] Plaintiffs argue that the requirement under R.C. 723.04 that the legislative authority consider the petition "upon hearing" is the distinguishing characteristic that renders the instant action administrative in nature.

---

1. R.C. 723.05 provides:

"* * * When, in the opinion of the legislative authority, there is good cause for vacating or narrowing a street or alley, or any part thereof, and that such vacation or narrowing will not be detrimental to the general interest, it may, by ordinance and without petition therefor, vacate or narrow such street or alley or any part thereof."

In *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500, the court held, at paragraph two of the syllabus, that "[t]he test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administrating a law, ordinance or regulation already in existence." In *Reynolds v. Independence* (1985), 693 S.W.2d 129, 132, the court considered a similar analysis in determining whether the vacation of an alley was a legislative act, holding:

" 'The power to be exercised is legislative in its nature if it prescribes a new policy or plan; whereas, it is administrative in its nature if it merely pursues a plan already adopted by the legislative body itself.' E. McQuillin, Municipal Corporations, § 16.55 (3rd Ed.1981) * * *. The foregoing quote should serve to remove the apparent confusion of the parties as to whether the enactment of the ordinance was a legislative or an administrative function. Because the ordinance prescribes a new policy or plan in vacating the alley which had not been already adopted, it is clearly a legislative act. * * * "

In considering the nature of the action at issue, we disagree with plaintiffs' contention that the provision for a hearing under R.C. 723.04 transforms the exercise of an otherwise legislative power by a municipal authority in weighing the public benefit of vacating a street from a legislative function into a quasi-judicial or administrative function. While courts have recognized that quasi-judicial proceedings require notice, hearing, and the opportunity to introduce evidence, courts have more frequently examined the nature of the proceedings in distinguishing between quasi-legislative and quasi-judicial proceedings. *Rankin–Thoman v. Caldwell* (1975), 42 Ohio St.2d 436, 438, 71 O.O.2d 411, 412–413, 329 N.E.2d 686, 688. We note that both R.C. 723.04 and 723.05 require a determination by the legislative authority that there is "good cause" for the vacating of a street and that such vacation "will not be detrimental to the general interest." Notwithstanding the fact that R.C. 723.04 involves a hearing process not required under R.C. 723.05, we are unable to conclude that such hearing alters the nature of the action or renders inapplicable the Ohio Supreme Court's holding that "[t]he act of vacating a street is a legislative act." *Eastland Woods, supra,* 2 Ohio St.3d at 188, 2 OBR at 728, 443 N.E.2d at 974. See, also, *Heist v. Cty. of Colusa* (1984), 163 Cal.App.3d 841, 213 Cal.Rptr. 278, 282 (action by county adopting resolution to abandon portion of road was legislative act, and "fact that the administrative body acts in response to specific petitions or parties, and indulges in a hearing process, does not detract from the legislative nature of the action"). Thus, we do not find this court's decision in *Schroer* to be controlling in light of the Ohio Supreme Court's subsequent pronouncement in *Eastland Woods.*

■ Accordingly, absent a clear showing that council, in enacting the ordinance, acted fraudulently or abused its discretion, the act of the legislative authority is not subject to review. *Smith v. Wintersville* and *Eastland Woods, supra.* We note that there was no allegation of fraud in the present case. Further, the record indicates that the petition to vacate a portion of the street was made to facilitate development of a shopping complex in that area. Prior to the vote by council on the enactment of the ordinance, the city's planning commission and safety committee reviewed the plans for the ordinance as a "courtesy." The record indicates that the shopping center project was viewed by city officials as a "viable center" for the city and that council was advised that the portion to be vacated would be of no benefit to the city. The requirements for notice and hearing were fulfilled, and the minutes of the city council indicate that council heard concerns from area residents regarding the proposed vacating of the street and whether it would have a detrimental effect. Council weighed the evidence and rendered its decision, which was within its legislative discretion.

In the absence of fraud, council's motives in vacating a street are immaterial, *Smith v. Wintersville, supra,* 26 O.O.2d at 41, 187 N.E.2d at 512, nor is the wisdom of council's action reviewable. McQuillin, *supra,* at 109–110. Given the presumption that the legislative authority acted in good faith to further a valid public purpose, and in the absence of a showing of fraud or abuse of discretion, we find that the trial court did not err in finding that enactment of the ordinance was a valid exercise of legislative discretion. *Eastland Woods* and *Smith v. Wintersville, supra.*

Accordingly, the first and third assignments of error are without merit and are overruled. In light of our disposition of the first and third assignments of error, the standing issue raised under the second assignment of error is rendered moot.

Based upon the foregoing, plaintiffs' first and third assignments of error are overruled, the second assignment of error is rendered moot, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

LAZARUS and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.