**OHIO MULTI–USE TRAILS ASSOCIATION, Appellant,**

v.

**VINTON COUNTY COMMISSIONERS et al., Appellees.**

[Cite as *Ohio Multi–Use Trails Assn. v. Vinton Cty.
Commrs.*, 182 Ohio App.3d 32, 2009-Ohio-2061.]

Court of Appeals of Ohio,
Fourth District, Vinton County.

No. 08CA670.

Decided April 21, 2009.

Ricketts Co., L.P.A., and Charles H. Lease, for appellant.

Austin B. Campbell, Vinton County Prosecuting Attorney, for appellees.

HARSHA, Judge.

{¶ 1} After the Richland Township Board of Trustees petitioned the Vinton County Board of Commissioners to vacate a township road and the commissioners failed to vote on the issue within 60 days, the trustees adopted a resolution vacating the road by operation of R.C. 5553.045. The Ohio Multi–Use Trails Association, a nonprofit Ohio corporation that uses various roads and trails in Ohio for recreational events and fundraisers, filed an appeal with the Vinton County Court of Common Pleas under R.C. Chapter 2506 challenging the vacation of the road. The court dismissed that appeal after it found that the

trustees' resolution and/or the commissioners' failure to act were not the result of a quasi-judicial action subject to appeal. The association appealed that decision to us. However, because the act of vacating a road is a legislative function not subject to appeal under R.C. Chapter 2506, we conclude that the lower court lacked subject-matter jurisdiction over the appeal and thus properly dismissed it.

{¶ 2} The association also contends that the lower court erred in failing to find that R.C. 5553.045 was unconstitutional, that the court's dismissal of its appeal violated its due-process rights, and that the lower court erred in overruling its motion for an evidentiary hearing. However, because the court lacked subject-matter jurisdiction and had no power or authority to address those issues in the present procedural context, these arguments lack merit. Therefore, we affirm the lower court's judgment.

## I. Procedural History and Facts

{¶ 3} On June 7, 2005, the trustees passed a resolution petitioning the commissioners to vacate a portion of Richland Township Road 15 and filed the resolution with the commissioners the next day. The commissioners issued a notice for a public hearing and viewing for August 11, 2005. The commissioners apparently held a viewing on that date but took no further action and failed to vote on the issue of vacating the road. On September 6, 2005, the trustees passed a resolution declaring the road vacated by operation of R.C. 5553.045 because the commissioners had not acted within the 60–day time limit.

{¶ 4} Then the association filed two separate appeals in the Vinton County Court of Common Pleas. Case No. 05CV09–077 was brought under R.C. Chapter 5563. The court ultimately dismissed that case, finding no final order or judgment by the commissioners to appeal under R.C. 5563.02. The association did not appeal the dismissal of that case.[1] Case No. 05CV09–078, which was brought under R.C. Chapter 2506, is the subject of the present appeal. As in the companion case, the commissioners and the trustees filed a motion to dismiss the association's appeal. They argued that the act of vacating a road is a purely legislative function not subject to appeal under R.C. Chapter 2506 and that R.C. Chapter 5563 specifically governs appeals in cases concerning vacating roads. The lower court initially overruled the motion. After the association filed a motion for an evidentiary hearing under R.C. 2506.03, the court set a briefing schedule to address the constitutionality of R.C. 5553.045, and both parties filed briefs. Subsequently, the court issued a decision and order dismissing the appeal. The court acknowledged that it had previously determined that the

---

1. Thus we do not reach the question of whether the commissioners' failure to act, and the resulting deeming of a decision to vacate, constitutes a final, appealable order under R.C. 2505.02.

appeal under R.C. Chapter 2506 was proper because R.C. Chapter 5563 applies only to orders of boards of county commissioners and makes no provision for the appeal of any actions taken by a board of township trustees in vacating a road. Upon further review of the issue, however, the court found that the trustees' order did not result from a quasi-judicial proceeding. Accordingly, it concluded that the association had no right to appeal under R.C. Chapter 2506. The association now appeals as a matter of right to this court.

## II.   Assignments of Error

{¶ 5} The association presents four assignments of error.

I.   It was error for the Trial Court to determine that Appellant did not have a right to appeal under R.C. Chapter 2506.

II.   The Trial Court erred by not finding that Ohio Revised Code Section 5553.045 is unconstitutional.

III.   The Trial Court erred when it dismissed the appeal as it impermissibly stripped Appellant from its due process rights.

IV.   It was error to overrule Appellant's motion for an evidentiary hearing.

## III.   Standard of Review

{¶ 6} The legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaints." *Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 15. Determinations of whether a court has subject-matter jurisdiction involves a question of law that we will review de novo. Id., citing *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304.

## IV.   Right to Appeal

{¶ 7} In its first assignment of error, the association argues that the lower court erred in finding that it did not have a right to appeal under R.C. Chapter 2506. Initially, the association argues that the court committed reversible error when it sua sponte dismissed the case after it had originally overruled the motion to dismiss. However, in finding that the association could not bring its appeal under R.C. Chapter 2506, the court implicitly found that it lacked the power or authority to hear the case.

{¶ 8} "[I]t is axiomatic that subject-matter jurisdiction cannot be waived, cannot be conferred upon a court by agreement of the parties, and may be the basis for sua sponte dismissal." *Nord Community Mental Health Ctr. v. Lorain Cty.* (1994), 93 Ohio App.3d 363, 365, 638 N.E.2d 623, citing *Logan v. Vice* (1992), 79 Ohio App.3d 838, 842, 608 N.E.2d 786; *In re Claim of King* (1980), 62 Ohio

St.2d 87, 89, 16 O.O.3d 73, 403 N.E.2d 200. Here, the lower court was required to dismiss the appeal for lack of subject-matter jurisdiction whenever it determined such jurisdiction was lacking. Id.

{¶ 9} R.C. 2506.01 provides that "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code." "[I]n order for an administrative act to be appealable under R.C. 2506.01 such act must be the product of quasi-judicial proceedings." *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 153, 61 O.O.2d 394, 290 N.E.2d 562. However, R.C. 2506.01 "does not provide for appeals from legislative bodies or from resolutions of administrative bodies promulgated in a delegated legislative capacity." *Tuber v. Perkins* (1966), 6 Ohio St.2d 155, 156, 35 O.O.2d 255, 216 N.E.2d 877. The decision being appealed must have resulted from an exercise of administrative power resulting from a quasi-judicial proceeding. It is well established that a court does not have the authority to hear appeals based on legislative functions; a court lacks subject-matter jurisdiction over those matters. See *Moraine v. Montgomery Cty. Bd. of Commrs.* (1981), 67 Ohio St.2d 139, 21 O.O.3d 88, 144, 423 N.E.2d 184; see also *Thomas v. Beavercreek* (1995), 105 Ohio App.3d 350, 354, 663 N.E.2d 1333. In determining whether the action of a governmental body is legislative or administrative, the test is "whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500, paragraph two of the syllabus.

{¶ 10} R.C. Chapter 5553 governs the vacation of county roads. Here, the township road was vacated under R.C. 5553.045. Under that statute, a board of township trustees may petition the board of county commissioners to vacate a township road by passing a resolution that requests the vacation and includes a description of the road. The township clerk must file a copy of the resolution with the board of county commissions and certify another copy to the county engineer. Id. R.C. 5553.045 then sets forth the procedure the board of county commissioners must follow upon receipt of the township's resolution:

(C) Upon receipt of the copy of the township's resolution, the board of county commissioners shall set a date for a public hearing on the vacation of the road or portion of the road that is not more than forty-five days after the date that the resolution is filed with the board. The clerk of the board shall notify by regular mail the landowners abutting the road or portion of the road proposed to be vacated. That notice shall be sent at least twenty days before the board's public hearing, shall state that the board of township trustees has

filed a resolution requesting the vacation of the specified road or portion of the road under this section, and shall inform the landowners of the time and place of the public hearing on this issue. The notice shall be mailed to the addresses of the abutting landowners as they appear on the county auditor's current tax list or the county treasurer's mailing list. Failure of the delivery of this notice to any abutting landowner does not invalidate the vacation of a road or a portion of a road under this section.

(D) After the public hearing, if the board of county commissioners determines that the vacation of the road or portion of the road would be for the public convenience or welfare, it shall adopt a resolution by a majority vote declaring the road or portion to be vacated and file a certified copy of the resolution with the petitioner board of township trustees, the county recorder, and the county engineer.

If the board of county commissioners fails to vote on the issue of vacating the road or portion of the board within sixty days after the township's resolution is filed with it, the road or portion of the road specified in the resolution shall be deemed to be vacated, and the petitioner board of township trustees shall adopt another resolution describing the road or portion of the road that has been vacated and explaining this vacation is by action of this section. The board of township trustees shall file a certified copy of that resolution with the board of county commissioners, the county recorder, and the county engineer.

(E) Once the certified copies of the resolution declaring a road or portion of a road vacated are filed as provided in division (D) of this section, the board of township trustees, by resolution, shall order the road or portion of the road vacated.

{¶ 11} The association contends that the commissioners' failure to act on the trustees' petition and the trustees' subsequent resolution vacating the road were quasi-judicial actions subject to appeal. It argues that their actions did not enact a law but simply administered the laws set forth in R.C. Chapters 5553 and 5563. Specifically, the association contends that R.C. 5553.045 required the commissioners to hold a public hearing, take evidence, and then make a determination that vacating the road would be for the "public convenience or welfare," which the association argues is an administrative act. It also argues that the trustees' resolution was an administrative act because the road was actually vacated by the commissioners' inaction as a matter of law and the trustees' resolution simply caused the law to go into effect.

{¶ 12} However, the Supreme Court of Ohio has specifically held that "[t]he act of vacating a street is a legislative act and, as with other legislative acts, it will be presumed, in the absence of a clear showing to the contrary, that the General

Assembly acted in good faith to further a valid purpose." *Eastland Woods v. Tallmadge* (1983), 2 Ohio St.3d 185, 188, 2 OBR 726, 443 N.E.2d 972. Lower Ohio courts have applied this precedent and held that the act of vacating a street is a purely legislative function. See *Armate Assoc., Ltd. v. Reynoldsburg* (1997), 122 Ohio App.3d 469, 702 N.E.2d 130 (ordinance by city council vacating public street was an act of legislative authority not subject to review absent a clear showing of fraud or abuse of discretion), citing *Smith v. Wintersville* (1962), 26 O.O.2d 40, 41, 26 O.O.2d 40, 187 N.E.2d 511; *Purtee v. Wayne Lakes* (Feb. 11, 1983), Darke App. No. 1075, 1983 WL 4810 (action by county commissioners denying a petition to vacate a road constitutes a legislative act); *Zetzer v. Lundgard* (1953), 95 Ohio App. 51, 52 O.O. 407, 117 N.E.2d 445 (under Ohio statutes, the council of a city is authorized to vacate a street or a portion thereof whenever, in the exercise of its sound discretion, such action is not detrimental to the public interest).

{¶ 13} Effective June 10, 2004, the General Assembly enacted Sub.H.B. No. 299, which, among other things, modified certain provisions in R.C. Chapter 5553 and added R.C. 5553.045. We must presume that when the General Assembly enacted R.C. 5553.045, it knew of the Supreme Court of Ohio's decision in *Eastland Woods* as well as these other appellate rulings. See *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 22, citing *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 278, 744 N.E.2d 719, citing *State ex rel. Huron Cty. Bd. of Edn. v. Howard* (1957), 167 Ohio St. 93, 96, 4 O.O.2d 83, 146 N.E.2d 604 ("It is presumed that the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment"). In amending R.C. Chapter 5553 and enacting R.C. 5553.045, the General Assembly did not expressly create a right to appeal under Chapter 2506. Nor did it insert language that would abrogate the Supreme Court of Ohio's holding that "[t]he act of vacating a street is a legislative act." *Eastland Woods,* 2 Ohio St.3d at 188, 2 OBR 726, 443 N.E.2d 972. Thus, we must assume that by enacting R.C. 5553.045, the legislature intended that there is no right to appeal the vacation of a road under R.C. 5553.045 through an appeal brought under R.C. Chapter 2506. Because the lower court properly found that it lacked subject-matter jurisdiction as the association had no right to appeal under R.C. Chapter 2506, we overrule the association's first assignment of error.

{¶ 14} In its second, third, and fourth assignments of error, the association argues that the lower court erred in failing to find R.C. 5553.045 unconstitutional, that the court's dismissal of its appeal violated its due-process rights, and that the court erred in overruling its motion for an evidentiary hearing. However, because the lower court lacked subject-matter jurisdiction, it had no power or

authority to hear the case.[2] Thus, in light of our disposition of the first assignment of error, these assignments of error are moot. Accordingly, we affirm the court's judgment.

Judgment affirmed.

KLINE, P.J., and MCFARLAND, J., concur.

---

2. This is not to say that the court of common pleas lacks subject-matter jurisdiction to consider the constitutionality of the statute and related issues upon their presentation in the proper procedural context.