[Cite as *Holtkamp v. Knox & Richland Cty. Joint Bd. of Commrs.*, 2011-Ohio-2986.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DARLA J. HOLTKAMP, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellees | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| JOINT BOARD OF COUNTY<br>COMMISSIONERS, KNOX and<br>RICHLAND COUNTY, OHIO | Case No. 10 CA 122 |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 20104006A

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: June 16, 2011

APPEARANCES:

For Plaintiffs-Appellees

DARLA J. HOLTKAMP
FRANK M. NAGY
PRO SE
21750 Ankneytown Road
Butler, Ohio 44822

For Defendants-Appellants

CHARLES T. McCONVILLE
KNOX CTY. ASSISTANT PROSECUTOR
117 East High Street, Suite 234
Mount Vernon, Ohio 43050

REESE F. MILLE
MABEE AND MILLS LLC
24 West Third Street, Suite 300
Mansfield, Ohio 44902

*Wise, J.*

{¶1}   Appellant Joint Board of Commissioners, Knox and Richland Counties, appeals the decision of the Richland County Court of Common Pleas, Probate Division, which denied its petition, following an administrative appeal by Appellees Darla Holtkamp and Frank Nagy, to vacate a certain section of township road. The relevant facts leading to this appeal are as follows.

{¶2}   Appellee Holtkamp owns residential property in Richland County along a road known as Leedy's Lane. Appellee Nagy also resides at the property. On June 28, 2010, subsequent to separate township resolutions, the Jefferson Township (Richland County) Board of Trustees and Berlin Township (Knox County) Board of Trustees filed a joint petition to the Joint Board of Commissioners under R.C. 5553.045 to vacate approximately 679 feet of Leedy's Lane.[1]

{¶3}   On August 5, 2010, the commissioners, both county engineers, and appellees attended a viewing of the area of the road vacation. The matter proceeded to a public hearing before the Joint Board of Commissioners later the same day. Following the hearing, the Joint Board ruled five-to-one in favor of granting the petition to vacate Leedy's Lane.

{¶4}   Appellees thereafter filed an administrative appeal to the Richland County Court of Common Pleas, Probate Division. The matter proceeded to a preliminary hearing on August 27, 2010. The court afforded the parties an opportunity to provide legal memoranda, and it reset the hearing for September 7, 2010. Following the hearing on that date, the court took the matter under advisement. A judgment entry was issued

---

[1]   A joint board petition is necessitated where the road in question is on the county line.

on September 24, 2010, finding in favor of appellees based on res judicata and collateral estoppel, based upon a 2009 ruling by the Joint Board not to vacate Leedy's Lane.

{¶5} On October 13, 2010, Appellant Joint Board filed a notice of appeal. It herein raises the following sole Assignment of Error:

{¶6} "I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THE PRIOR DECISION OF THE JOINT BOARD OF COMMISSIONERS WAS AN ADMINISTRATIVE DECISION SUBJECT TO THE DOCTRINE OF RES JUDICATA."

I.

{¶7} In its sole Assignment of Error, appellant contends the trial court erred in dismissing, on res judicata grounds, its statutory administrative appeal seeking vacation of the road known as Leedy's Lane or Leedy Road. We agree.

{¶8} The applicability of res judicata is a question of law, which an appellate court reviews de novo. *EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 249, 841 N.E.2d 855, 2005-Ohio-5799. Under Ohio law, legal abandonment of a public township road requires formal abandonment proceedings before the local board of county commissioners. *Craig v. Knaub*, Perry App.No. 04 CA 9, 2004-Ohio-6646, ¶ 11. The Ohio Supreme Court, in *Eastland Woods v. Tallmadge* (1983), 2 Ohio St.3d 185, 188, 443 N.E.2d 972, recognized that the act of vacating a street is a legislative act. In *Costlow v. Etna Twp. Board of Zoning Appeals*, Licking App.No. 2002CA00053, 2002-Ohio-5955, we recognized the doctrine of res judicata does not apply to legislative acts, which are always subject to amendment by the legislative body that enacted them, and therefore not final in the same sense that a judgment of a judicial body is final. Id. at

¶21, citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226, 1995-Ohio-331, syllabus.

**{¶9}** We first turn to R.C. 5553.045, which outlines procedures for road vacations initiated by township trustees in Ohio. The statute allows a board of township trustees to petition the board of county commissioners to vacate a township road or a portion thereof by passing a resolution that requests such vacation. R.C. 5553.045(B). The township clerk then files a copy of the resolution with the board of county commissioners and certifies another copy to the county engineer. Id. Upon receipt of the copy of the township's resolution, the board of county commissioners is required to set a date for a public hearing on the vacation of the road within forty-five days of the date of the resolution's filing. R.C. 5553.045(C). The clerk of the board is then required to notify by regular mail the landowners abutting the road portion proposed to be vacated. Id. R.C. 5553.045(D) further states: "After the public hearing, if the board of county commissioners determines that the vacation of the road or portion of the road would be for the public convenience or welfare, it shall adopt a resolution by a majority vote declaring the road or portion to be vacated and file a certified copy of the resolution with the petitioner board of township trustees, the county recorder, and the county engineer." After the certified copies of the vacation resolution are filed, " *** the board of township trustees, by resolution, shall order the road or portion of the road vacated." R.C. 5553.045(E).

**{¶10}** At that point, the commissioners' decision on a petition for road vacation may be appealed, and "any appeal may be perfected in the manner provided in R.C.

5563.01 to 5563.17." See *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 467, 650 N.E.2d 1343, 1995-Ohio-49.

{¶11} We have previously recognized that administrative proceedings are quasi-judicial "where there is notice, hearing, and an opportunity to introduce evidence." See *Richards v. Kazleman* (May 31, 1994), Stark App.No. CA-9544, citing *State ex rel. Republic Steel Corp. v. Ohio Civil Rights Commission* (1975), 44 Ohio St.2d 178. Furthermore, "[t]o be considered a quasi-judicial proceeding, the proceeding must resemble a court proceeding in that an exercise of discretion is employed in adjudicating the rights and duties of parties with conflicting interests." *Thomas v. Beavercreek* (1995), 105 Ohio App.3d 350, 663 N.E.2d 1333, citing *Talbut v. Perrysburg* (1991), 72 Ohio App .3d 475, 478, 594 N.E.2d 1046.

{¶12} Appellant directs us to several appellate cases in which the "legislative act" description was applied to road vacation proceedings by a board of county commissioners. See, e.g., *Fitzpatrick v. Palmer*, 186 Ohio App.3d 80, 2009-Ohio-6008, ¶44; *Ohio Multi-Use Trails Assn. v. Vinton County Commrs.*, 182 Ohio App.3d 32, 2009-Ohio-2061, ¶12.

{¶13} In their response brief, however, appellees maintain that such case law ignores the distinction between road vacations carried out by county commissioners under R.C. Chapter 5553 and street vacations carried out by city councils under R.C. Chapter 723. Appellees thus urge affirmance on the basis that road vacations executed by county commissioners are quasi-judicial, and thus are subject to the doctrine of res judicata, unlike similar proceedings before city councils, which have the power to vacate via legislative passage of municipal ordinances. Appellees also point out that specific

appellate procedural statutes exist for road vacations by county commissioners (see R.C. Chapter 5563), while no such separate statutes are in place for appeals of vacation proceedings before city councils.

{¶14}   A review of R.C. 723.04 reveals the process (including a public hearing) for vacation of city streets by "the legislative authority of a municipal corporation" upon petition. In *Armate Assoc. v. Reynoldsburg* (1997), 122 Ohio App.3d 469, the Tenth District Court of Appeals, first reiterating that the act of vacating a street is a legislative act, held the provision for a hearing under R.C. 723.04 did not transform "the exercise of an otherwise legislative power by a municipal authority in weighing the public benefit of vacating a street from a legislative function into a quasi-judicial or administrative function." Id. at 473. The court went on to hold that "absent a clear showing that council, in enacting the ordinance, acted fraudulently or abused its discretion, the act of the legislative authority is not subject to review." Id. at 474. While in contrast R.C. Chapter 5563 has been interpreted to allow appeals of vacations of township or county roads, we find nothing in R.C. 5553.045 that would act to make the township road vacation process quasi-judicial.

{¶15}   Furthermore, we are unpersuaded by appellees' responsive assertion that county commissioners are not empowered to make laws or pass ordinances, and thus do not act legislatively, in the realm of vacating roads: Art. X, Sec. 4 of the Ohio Constitution indicates that the legislative authority of a county includes the board of county commissioners. Cf., also, R.C. 302.13(M). Appellees' remaining responsive arguments do not go to the issue of res judicata herein raised by appellant.

**{¶16}** The trial court in the case sub judice, in reaching its decision, particularly cited *Eaton v. Little*, Ottawa App.No. OT-05-032, 2006-Ohio-1400. In that case, certain lakeshore property owners had successfully petitioned the Ottawa County Commissioners in 1989 to vacate the northern portion of a submerged street. At some point after the street vacation, these property owners erected a fence across said street, effectively denying public access to the lake from that point. Id. at ¶ 4. About fourteen years after the street vacation, other property owners sued the lakeshore property owners, alleging that the fence interfered with a private easement for access to the lake they held by virtue of the original plat. Id. at ¶ 5. The lakeshore property owners maintained, and the Sixth District Court of Appeals agreed, that because the plaintiff property owners had not asserted their purported property rights at the vacation hearing or properly appealed the commissioners' resolution to vacate, plaintiff property owners had waived their right to assert an interest in the street and were effectively barred from bringing their claim. Id. at ¶ 10.

**{¶17}** We find *Eaton* to be significantly procedurally dissimilar to the case sub judice. In *Eaton*, the plaintiff property owners clearly were not directly appealing from a county road vacation proceeding under R.C. Chapters 5553 and 5563. While the Sixth District Court did invoke the doctrine of res judicata, this was based on the fact that the property owners who had filed suit in that case had never attempted a timely statutory appeal of the 1989 commissioner's resolution. Id. at ¶ 12. Thus, the doctrine was applied to prevent a subsequent private lawsuit, not a subsequent statutory proceeding by county commissioners.

**{¶18}** Finally, on public policy grounds, we conclude under the present circumstances that the application of res judicata to deny county commissioners their discretion to periodically vacate township roads in the interest of the welfare of the citizens, upon proper petition, would begin to make public transportation systems nonadaptable to the development of Ohio's townships. We are unable to read such a policy into Title 55 of the Revised Code. Upon review, we hold the trial court committed reversible error in dismissing the matter on the basis of res judicata.

**{¶19}** Appellants' First Assignment of Error is sustained.

**{¶20}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0519

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DARLA J. HOLTKAMP, et al.                          :
                                                   :
    Plaintiffs-Appellees                       :
                                                   :
-vs-                                               :           JUDGMENT ENTRY
                                                   :
JOINT BOARD OF COUNTY                              :
COMMISSIONERS, KNOX and                           :
RICHLAND COUNTY, OHIO                              :
                                                   :
    Defendants-Appellants                      :           Case No. 10 CA 122


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellees.


                                              _____


                                              _____


                                              _____

                                                   JUDGES